**UNITED STATES of America,**

v.

**Louis MAYO et al., Defendants.**

United States District Court
S. D. New York.
May 27, 1964.

---

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for United States of America, Peter Emmet Fleming, Jr., Asst. U. S. Atty., of counsel.

Bernard Jay Coven, New York City, for defendant, Louis Mayo.

WEINFELD, District Judge.

## MOTION TO DISMISS SECOND COUNT

■ The second count of the indictment is entirely adequate and meets the required standard. The defendant is advised of the nature of the charges in sufficient detail to enable adequate preparation of his defense and to plead a judgment in bar of any further prosecution for the same offense.[1] The claim that the second count is fatally defective because the charging paragraph in one instance fails to include the conjunctive "and" in place of "or" does not merit serious consideration.

■ As to the further claim, based upon United States v. Pope,[2] that the indictment is invalid because of the inclusion in the means paragraph of the words "among others," this Court is of the view that the pleading herein is distinguishable from that in the Pope case. There, the words "among other things" were included in the paragraph which set forth the gravamen of the offense as charged by the grand jury. This Court ordered the words stricken from the indictment on the ground that their inclusion was an inpermissible delegation of authority to the prosecutor which enabled him to enlarge the grand jury accusation. In the instant case the words "among others" are contained in the means paragraph, which goes to the matter of proof to sustain the charges. The Court agrees with the prosecution's position that accordingly they are to be equated to allegations of overt acts in a conspiracy charge where the government is not required to set forth all the acts relied upon to effectuate the conspiracy.[3] In any event, the inclusion of the words, even if defendant's contention were sound, would not render the indictment subject to dismissal—at most, it would require their deletion.

The motion to dismiss the indictment is denied.

## MOTION FOR A BILL OF PARTICULARS

■ Defendant obviously has asked for a minutiae of detail that he is not entitled to. The prosecution, on the other hand, takes the position that a bill of particulars should be ordered "only if this Court feels that [the defendant] in this criminal case is entitled to civil discovery." This attitude, "more in the spirit of a ride to hounds than a fair-

---

1. See Russell v. United States, 369 U.S. 749, 765, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Debrow, 346 U.S. 374, 387, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1932); Wong Tai v. United States, 273 U.S. 77, 80–81, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v.

Robertson, 181 F.Supp. 158, 160 (S.D. N.Y.1959).

2. 189 F.Supp. 12 (S.D.N.Y.1960).

3. See Pettibone v. United States, 148 U.S. 197, 203, 13 S.Ct. 542, 37 L.Ed. 419 (1893); United States v. Gilboy, 160 F.Supp. 442, 452 (M.D.Pa.1958).

minded pursuit of the truth," suggests that the recent admonition by our Court of Appeals on the subject has indeed fallen upon deaf ears.[4] In the light of the intransigent position advanced by the Government in its opposition, no purpose is served by any discussion of the reasons which impel the exercise of the Court's discretion on the defendant's motion, which is granted to the extent of directing the service of a bill of particulars of the following items:

1(a); 1(b) (3); 1(b) (5); 1(b) (8), limited to the names of the banks and brokers referred to in paragraph 3(d) of the first count.

In all other respects the motion is denied.

4. See United States v. Glaze, 313 F.2d 757, 761 (2d Cir. 1963). See also, 34 F.R.D. 155, 162–64 (1964).