UNITED STATES

v.

**Paul CHOVANEC et al. (David Friend), Defendants.**

No. 78 Cr. 749.

United States District Court, S. D. New York.

Feb. 23, 1979.

As Modified March 8, 1979.

Robert B. Fiske, Jr., U. S. Atty., S.D.N.Y. by Dwight L. Greene, Jacob Laufer, Asst. U. S. Attys., New York City, for the United States.

Lawrence S. Bader, Segal & Hundley, New York City, for defendant David Friend.

PIERCE, District Judge.

## OPINION AND ORDER

Defendant David Friend moves for an order dismissing the wire fraud and racketeering counts, severing him from the trial of his co-defendants, striking certain phrases as surplusage from the indictment and directing the government to provide a bill of particulars of certain items.

## WIRE FRAUD COUNTS

Defendant Friend moves to dismiss his wire fraud counts which charge violations of 18 U.S.C. § 1343—counts 22 through 27 of the indictment—on the grounds that the grand jury received insufficient evidence to support their action against him. Friend contends that the government failed to call before the grand jury the sole victim named in those counts and that the victim Ben Whitehouse would have testified that he was not defrauded by the defendant. Only an affidavit from Friend's attorney is submitted in support of this contention. Even assuming, *arguendo,* that the victim would testify as stated, the motion to dismiss is denied.

It is well settled that an indictment which is facially valid and returned by a properly constituted grand jury is not subject to review for sufficiency of evidence. *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). Here, defendant does not contend that the grand jury was improperly constituted or that the indictment is otherwise deficient.

Rather, defendant objects to the government's choice of witnesses. But the government need not rely on testimony of a victim to establish its case for the grand jury. It need not call all available witnesses or present exculpatory evidence. *United States v. Eucker,* 532 F.2d 249, 255–56 (2d Cir. 1976), *cert. denied,* 429 U.S. 822, 97 S.Ct. 73, 50 L.Ed.2d 84 (1977). The government must establish that there is reasonable belief that a crime has been committed and that a criminal proceeding against the individual is warranted. *United States v. Calandra,* 414 U.S. 338, 344, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Wide prosecutorial discretion, subject only to review upon a showing of flagrant abuse, is the standard governing the presentation of evidence to a grand jury. *United States v. Chanen,* 549 F.2d 1306 (9th Cir.), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977). "[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence . . . ." *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974). Accordingly, defendant's motion for an order dismissing counts 22 through 27 of the indictment or in the alternative for judicial inspection of the grand jury minutes is hereby denied.

ANTI–RACKETEERING

Defendant Friend moves to dismiss Count 49 which alleges a violation of 18 U.S.C. § 1962(c) on four grounds. Section 1962(c) provides:

"It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

■ 1. Defendant contends that the statute is limited to those who manage or operate an enterprise, and that a broker, as he is characterized in the indictment, is not a person who conducts or participates in the conduct of an enterprise's affairs. The Court notes, however, that the statute also prohibits indirect participation. Further, a strong argument may be made that the allegations in the indictment, if true, render the defendant a direct participant in the conduct of the enterprise's affairs. See *United States v. Forsythe*, 560 F.2d 1127, 1136 (3d Cir. 1977).

■ 2. Defendant contends that since he is charged with defrauding only one victim, he cannot be charged with engaging in a pattern of racketeering activity. 18 U.S.C. § 1961(5) defines a pattern of racketeering activity as "at least two acts of racketeering activity . . . within ten years." Racketeering activity means, *inter alia*, any act indictable under section 18 U.S.C. § 1343 (relating to wire fraud). 18 U.S.C. § 1961(1) (1976); see *United States v. Parness*, 503 F.2d 430 (2d Cir. 1974), *cert. denied*, 419 U.S. 1105, 95 S.Ct. 775, 42 L.Ed.2d 801 (1975). The indictment charges Friend with six incidents of wire fraud over a four week period. Even though only one victim is alleged to have been defrauded, the Court finds that each count of the indictment constitutes a separate predicate act. In construing the term "pattern" in *United States v. Stofsky*, 409 F.Supp. 609 (S.D.N.Y.1973), this Court noted that in a section of the Organized Crime Control Act

of 1970 enacted simultaneously with § 1961, the term "pattern of criminal conduct" "embraces criminal acts that have the same or similar purposes, results, participants, *victims*, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 18 U.S.C. § 3575 (1976) (emphasis supplied). In concurrence with that opinion, the Court finds that it is precisely the fact that the same victim is alleged that may serve as the connecting link in predicate acts to establish a "pattern." It appears that defendant "would require a showing of separate and unrelated schemes, as a precondition for finding two indictable 'acts' . . . . that would constitute a 'pattern of racketeering activity' under 18 U.S.C. §§ 1961(1)(B), (5), 1962(c)." *United States v. Weatherspoon*, 581 F.2d 595, 601 n. 2 (7th Cir. 1978). The Court declines to adopt an interpretation of the statute as urged by defendant which is not only contrary to the plain language of the statute, but which might render it unconstitutional.

■ 3. Defendant's contention that 18 U.S.C. § 1962(c) is unconstitutionally vague is hereby denied. *United States v. Stofsky*, 409 F.Supp. 609, 614 (S.D.N.Y.1973). See also 2, *infra*.

4. Defendant argues that § 1962 was intended primarily to be used in connection with organized crime prosecutions, and, therefore, the indictment should be dismissed since it is not alleged that he is affiliated with organized crime in any way.

■ It is clear that § 1962 was aimed at organized crime and the legislative history of the section and even the title of the chapter, the Organized Crime Control Act of 1970, are replete with such references. See, e. g., Cong. Statement of Finding and Purpose, Pub.L. 91–452, § 1, 84 Stat. 922, 923 (1970); 116 Cong.Rec. S 607 (daily ed. Jan. 21, 1970). It is reasonable to conclude that "organized crime" should be defined broadly. As stated by the Ninth Circuit:

"It would usually be difficult, if not impossible, to prove that an individual or business was associated with or controlled

by a clandestine criminal organization. It might also be difficult to prove that a particular offense was of the kind commonly engaged in by organized criminals [in the year the statute was enacted]; and, in any event, such a restriction upon the statute's coverage would provide an easy avenue for evasion through adoption of new forms and techniques of illicit trafficking." *United States v. Roselli*, 432 F.2d 879, 885 (9th Cir. 1970), *cert. denied*, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971).

Consequently, Congress enacted a broad statute which proscribes specific acts as enumerated in 18 U.S.C. § 1961 with no restrictions limiting it to persons with particular affiliations. See *United States v. Campanale*, 518 F.2d 352, 364 (9th Cir.), *cert. denied*, 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638 (1975).

This Circuit has held that the statute should be construed liberally. See *United States v. Altese*, 542 F.2d 104, 106 (2d Cir. 1976), *cert. denied*, 429 U.S. 1039, 97 S.Ct. 736, 50 L.Ed.2d 750 (1977). The plain language of the statute does not require affiliation with organized crime. To accept the proposed narrow interpretation would virtually preclude prosecutions under § 1962. Further, "when a statute on its face clearly covers certain activity . . . a court should accept the statute as written and avoid plunging into the murky waters of legislative history in an attempt to fathom whether Congress really intended to reach what the language of its statute *does* reach." *United States v. Le Faivre*, 507 F.2d 1288, 1295 (4th Cir.), *cert. denied*, 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1974). Cf. *United States v. Archer*, 486 F.2d 670, 680 (2d Cir. 1973) ("It would go beyond the proper exercise of judicial power for courts to confine the Travel Act to its title . . . or even to the precise purpose stated to Congress by the Attorney General.")

Defendant relies on the language of Judge Carter in the trial transcript of *United States v. Medical Therapy Sciences, Inc.*, 77 Cr. 677 (S.D.N.Y.) (Friend's Exh. D) to support his motion for dismissal. Without agreeing or disagreeing with the result therein, this Court notes that this case is distinguishable. In *Medical Therapy Sciences*, Judge Carter declined to apply § 1962 to a single defendant in a single operation, stating that "if . . . the conspiracy was Medical Therapy and several others I would have a different view. This is one man. I have no indication that he is connected with any other . . . venture." *Id.* at pp. 1758–59. In the present case, there are seventeen alleged co-schemers named in the indictment. The Court finds the statute to be applicable under these circumstances.

For the foregoing reasons, the motion to dismiss Count 49 of the indictment is hereby denied in its entirety.

SEVERANCE

Defendant Friend moves for severance on the grounds of prejudicial joinder. While this Circuit has expressed concern with respect to the possibility of prejudice in multi-defendant trials (see *United States v. Miley*, 513 F.2d 1191, 1209 (2d Cir. 1974)), the Court determines that the defendant herein has failed "to come forward with facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial altogether." *United States v. Crisona*, 271 F.Supp. 150, 154 (S.D.N.Y.1967), *aff'd*, 416 F.2d 107 (2d Cir. 1969), *cert. denied*, 397 U.S. 961, 90 S.Ct. 991, 25 L.Ed.2d 253 (1970). Since the government represents that all defendants will be subject to substantially the same proof, the motion to sever is hereby denied.

SURPLUSAGE

Defendant Friend moves to strike certain phrases from the indictment, to wit: "among the means," "among the false inducements," and frequent references to Pro and Trident Consortium as "co-schemers." The Court does not find that the words sought to be stricken as surplusage are immaterial, irrelevant, or apt to convey prejudicial or inadmissible material to the jury.

See *United States v. Dioguardi*, 332 F.Supp. 7, 23 (S.D.N.Y.1971). It has been held that where as in the present case a phrase such as "among the means" appears in the "means" paragraph of the indictment, *i. e.*, a paragraph that does not charge the gravamen of the offense, the phrase need not be stricken. See *United States v. Mayo*, 230 F.Supp. 85 (S.D.N.Y.1964), specifically distinguishing *United States v. Pope*, 189 F.Supp. 12, 25 (S.D.N.Y.1960). Further, "[i]f the allegation is of matters by which the government hopes to establish the charge [*e. g.*, a scheme], then such allegations can scarcely be called 'surplusage.'" *United States v. DePalma*, 461 F.Supp. 778, 797 (S.D.N.Y.1978). Accordingly, defendant's motion to strike is hereby denied.

## BILL OF PARTICULARS

■ Defendant Friend moves for an order directing the government to provide a bill of particulars as to the following six items.[1]

6a. Granted to the extent the government is directed to furnish the names of those co-schemers known to them and whom they will claim participated in the alleged scheme with defendant Friend. Cf. *United States v. King*, 49 F.R.D. 51, 53 (S.D.N.Y.1970); *United States v. Rosenstein*, 303 F.Supp. 210, 213 (S.D.N.Y.1969) (both cases required the furnishing of names of co-conspirators). The remainder of the request is denied as seeking the government's evidence in advance of trial.

See *United States v. Lebron*, 222 F.2d 531 (2d Cir.), *cert. denied*, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955).

6b. Denied. The Court finds that the names of those persons whom the government will claim devised the scheme with defendant Friend will be adequately revealed through the granting of 6a, *supra*, and that more particularization will unduly restrict the government in presenting its proof at trial. See *United States v. Glaze*, 313 F.2d 757, 759 (2d Cir. 1963).

11a. Denied. The request for the names of alleged victims who complained to Friend seeks the identity of prospective government witnesses. See *United States v. Dioguardi*, 332 F.Supp. 7, 19 (S.D.N.Y. 1971).

11b. Denied. The request for any alleged false representations made by Friend seeks disclosure of the government's evidence in advance of trial.

16a. The request seeks a particularization of the "interstate and foreign telephone calls to and from Trident Consortium" which the government claims represents predicate acts that support the charge in Count 49, the anti-racketeering count. Defendant Friend is charged in Counts 22 through 27 with six separate counts of wire fraud; convictions on any two of these counts would support a conviction on Count 49. Accordingly, the request is denied by analogy to conspiracy cases in which the government need not disclose all overt acts

1. The six items for which defendant Friend requests a bill of particulars are (as numbered by defendant):

   6a. State whether other than in the Southern District of New York, the government will claim, the defendant Friend acted as alleged in the indictment.

   6b. State the name(s) of those person(s) presently known by the government and state whatever facts are presently known by the government with respect to the identity of all others not identified in the indictment whom the government will claim participated in the alleged scheme with defendant Friend.

   11a. State whether the government will claim that any alleged victims of the wire fraud counts complained to defendant Friend. If yes, identify the victim, state when and where he so complained; if in writing, attach true copies.

   11b. State whether the government will claim that defendant Friend made false representations charged in the indictment. If yes, to whom were they made, when and where; if in writing, attach true copies.

   16a. Identify the "interstate and foreign telephone calls to and from Trident Consortium" which the government will claim constituted violations of 18 U.S.C. § 1343 by the defendant Friend. With respect to those telephone calls, identify the corresponding victim(s) and state whether the government presented evidence to the grand jury to show that such victim(s) were defrauded by the defendant Friend.

   16b. Identify the particular acts alleged in the wire fraud counts which the government will claim constituted a "pattern of racketeering activity" by defendant Friend.

which it seeks to prove in establishing a conspiracy charge. See *United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975), *cert. denied*, 426 U.S. 923, 96 S.Ct. 2633, 49 L.Ed.2d 378 (1976). The request for information regarding evidence presented to the grand jury is also denied. See Fed.R. Crim.P. 6(e); *United States v. Weinstein*, 511 F.2d 622, 627 (2d Cir. 1975).

16b. Defendant requests that the government identify the particular acts alleged in Counts One through Forty-eight which the government will claim constituted a pattern of racketeering activity by defendant Friend. The request is denied as being self evident from the indictment. See 16a, *supra*.

The Court notes that the government has opened its files excluding agency reports and 3500 material to defendants' attorneys.

SO ORDERED.