**HEINOLD COMMODITIES, INC., et al., Plaintiffs,**

v.

**Bob McCARTY et al., Defendants.**

**No. 78 C 2122.**

United States District Court,
N. D. Illinois, E. D.

Dec. 7, 1979.

Lawrence H. Hunt and William F. Conlon, Thomas F. Ryan, Geraldine M. Alexis, Sidley & Austin, Chicago, Ill., for plaintiffs.

William F. Conlon, Sidley & Austin, Chicago, Ill., for Jerry Phillips.

Robert Plotkin, John G. Jacobs, John C. Hendrickson, Robert P. Schuwerk, Thomas P. Stillman, The Law Offices of Robert Plotkin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiffs Heinold Commodities, Inc., and two of its brokers, filed this action for a declaratory judgment declaring that defendants Bob and Cecelia McCarty are not entitled to recover for losses in commodities trading. Defendants filed a six count counterclaim alleging that plaintiffs' fraudulent actions constituted a violation of the Commodity Exchange Act and other laws. In Count IV, it is alleged that these actions violated the Illinois Consumer Fraud Act, and in Count V these same actions are alleged to have violated the federal anti-racketeering statute. Plaintiffs have moved to dismiss Counts IV and V of the counterclaim.

Plaintiffs contend that the claim under the Illinois Consumer Fraud Act is defective for three reasons. First, the claim does not allege that any of the plaintiffs' acts had an adverse effect on the public. The only case cited by plaintiffs containing a statement that an allegation of public harm is required falls short of supporting plaintiffs' position. In the cited case, *Evanston Motor Co., Inc. v. Mid-Southern Toyota Distributors, Inc.,* 436 F.Supp. 1370 (N.D.Ill.1977), the court noted that certain practices may be presumed to injure the public in which case, a specific allegation of public harm would be unnecessary. *Id.* at 1374, n. 6. Allegations of deceptive prac-

tices in soliciting investment in commodities futures fall into this category.

■ Second, plaintiffs assert that defendants were not "consumers" as that term is used in the Illinois statute, and hence not eligible to bring actions under the Act. In *Steinberg v. Chicago Medical School,* 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977), a class of medical school applicants was held not to be consumers in an action against the school, because they were not persons who purchased or contracted for the purchase of merchandise. Ill.Rev.Stat. ch. 121½ § 261(e). In this case, by contrast, the McCartys fall within the terms of that section, for they contracted to purchase investment services and commodities futures. These items are included in the statutory definition of merchandise. *Id.* § 261(b); *People ex rel. Scott v. Cardet International, Inc.,* 24 Ill.App.3d 740, 321 N.E.2d 386 (1st Dist. 1974).

■ Finally, Count IV is said to be defective because it fails to allege that the plaintiffs violated any of the rules of the Commodity Futures Trading Commission or the Commodity Exchange Act. Assuming that conformity with these rules constitutes a bar to this action, the court finds that an allegation that the rules were violated is not necessary. Conformity to the rules is more properly pleaded as an affirmative defense.

■ Plaintiffs attack Count V of the counterclaim on the grounds that it is without merit, and that it is scandalous, impertinent, and indecent. It is argued that the allegations made under the anti-racketeering act should be stricken because they essentially accuse the defendants of being criminals and thus damage their reputations. If the counterclaim states a claim under this statute, it is not scandalous or immaterial to accuse the plaintiffs of violating it. Moreover, a civil suit alleging a violation of a criminal statute does not necessarily imply that the alleged violators could be convicted as criminals. The motion to strike is improper unless the counterclaim has no substantive merit.

Plaintiffs' arguments addressed to the merits of the counterclaim are, first, that the Organized Crime Control Act of 1970, 18 U.S.C. § 1961 *et seq.,* was not intended to apply to legitimate businessmen but rather to a certain society of criminals, and, second, that no civil action can be maintained under this statute absent a criminal conviction.

■ Plaintiffs' first argument has been accepted by one district court. *Barr v. WUI/TAS, Inc.,* 66 F.R.D. 109 (S.D.N.Y. 1975). Other courts have subsequently declined to follow the *Barr* decision, finding that "[t]he plain language of the statute does not require affiliation with organized crime," *United States v. Chovanec,* 467 F.Supp. 41, 45 (S.D.N.Y.1979), and that there was "legislative history indicating that Congress did not intend the Act to apply exclusively to members of organized crime." *United States v. Mandel,* 415 F.Supp. 997, 1019 (D.Md.1976). Although the anti-racketeering statute may have been aimed at organized crime, it makes unlawful certain specific acts. Commission of the proscribed acts is a violation of the statute. *United States v. Campanale,* 518 F.2d 352, 364 (9th Cir. 1975), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638 (1976). The court concludes that the statute cannot be limited in the way plaintiffs suggest.

■ Plaintiffs' second argument has been expressly rejected by the only case squarely on point. *Farmers Bank v. Bell Mortgage Corp.,* 452 F.Supp. 1278 (D.Del. 1978). That court held that:

"This provision for a private cause of action arising out of the Organized Crime Control Act of 1970 [18 U.S.C. § 1962] does not condition that cause of action in any way upon a previous conviction under the criminal provisions of the statute. It is only necessary that the plaintiff prove the elements of the Act by a preponderance of the evidence in order to be awarded damages in a civil action." *Id.* at 1280.

It should not be necessary to point out to plaintiffs that a civil suit and a criminal prosecution serve entirely different purposes, and that convictions are not always obtained for actions upon which civil liability may be predicated. The court declines to depart from the authority of *Farmers Bank*.

Plaintiffs' motions to dismiss Counts IV and V and to strike Count V of the counterclaim are denied.