**Albert PARNES, Plaintiff,**

v.

**HEINOLD COMMODITIES, INC., Defendant.**

**No. 79 C 4047.**

United States District Court, N. D. Illinois, E. D.

April 22, 1980.

Herbert Beigel, Harvey J. Barnett, Ira J. Bornstein, Chicago, Ill., for plaintiff.

William F. Conlon, Sidley & Austin, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

The complaint in the present matter contains five Counts. Now before the court is the defendant's motion to dismiss Count V of said complaint for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Fed.R.Civ.P., or in the alternative, to strike Count V, Rules 11 and 12(f), Fed. R.Civ.P.

In his complaint, the plaintiff alleges basically that the defendant, through its

agents, perpetrated a scheme to defraud and cheat him, which resulted in significant losses to him. The plaintiff contends that the defendant, by its agents, solicited him to open one, then another, account in order to engage in commodities trading with it, and that he [plaintiff] relied on the acts, practices, and misrepresentations of the defendant's agents in opening these accounts and when engaging in commodities trading. Mr. Parnes further alleges that unauthorized trading occurred in these accounts, said trading having been caused to occur by the defendant's agents, and that the defendant continued such unauthorized trading—a fact it concealed from the plaintiff—after he purportedly had discovered and instructed it [the defendant] to cease such activities. The plaintiff claims that as a result of this alleged scheme to defraud, the fraud itself and the unauthorized trading, he has suffered losses in excess of $35,000.

■ In Count V of the complaint at issue, the plaintiff specifically alleges that the defendant used the United States Postal Service mail system two or more times in furtherance of its alleged scheme to defraud him. Such conduct, he contends, is violative of 18 U.S.C. §§ 1341 and 1962(c), and accordingly provides the basis for a civil damages action under 18 U.S.C. § 1964(c). As this court believes the plaintiff has stated a claim for relief under 18 U.S.C. § 1964(c), the defendant's motion to dismiss or, in the alternative, to strike will, for the reasons hereinafter stated, be denied.

■ The statute upon which the plaintiff brings Count V is part of the Organized Crime Control Act of 1970, 18 U.S.C. § 1961 et seq. (Title IX of the Act). It is true that the purpose for the passage of the Act, as stated in its legislative history, is to provide "enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime". 1970 U.S. Code Cong. & Admin.News, p. 4007 (1970). The language of the statute, however, requires neither proof nor allegation of any connection to organized crime for a violation to lie. *United States v. Campanale,* 518 F.2d 352 (9th Cir.1975), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638 (1976); *United States v. Aleman,* 609 F.2d 298 (7th Cir.1979); *United States v. Chovanec,* 467 F.Supp. 41 (S.D.N.Y.1979); *United States v. Vignola,* 464 F.Supp. 1091 (E.D.Pa. 1979). In addition, the Seventh Circuit, when interpreting Title IX of the Organized Crime Control Act, indicated in *United States v. Aleman* that the Act could be applied whenever the conditions of the statute are met. *Supra* at 303. This court, therefore, if it is to rule properly on the defendant's motion to dismiss, must examine the provisions of the statute to determine if the relevant statutory conditions have been met by the allegations of the plaintiff's complaint.[1]

In Count V of his complaint, plaintiff Parnes alleges that the defendant, on two or more occasions between March, 1978 and September, 1979, used the United States mail to defraud, and/or to further its scheme to defraud, the plaintiff. Such alleged use of the United States mails would be violative of 18 U.S.C. § 1341, and could constitute a pattern of unlawful racketeering activity. *United States v. Weatherspoon,* 581 F.2d 595 (7th Cir.1978). These acts of the defendant's agents, done while conducting the defendant's affairs, appear to fall within the activities prohibited by 18 U.S.C. § 1962(c). The defendant, however, argues that these allegations are not suffi-

---

1. The pertinent statutory sections are as follows:

18 U.S.C. § 1961(1)(B) provides: "racketeering activity" means . . . any act which is indictable under any of the following provisions of title 18, United States Code . . . section 1341 (relating to mail fraud). . . . 18 U.S.C. § 1961(5) provides: "pattern of racketeering activity" requires at least two acts of racketeering activity . . . . .

18 U.S.C. § 1962(c) provides: It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

cient to state a claim for relief under 18 U.S.C. § 1964(c),[2] in that no 'violation' of § 1962(c) has been shown. It [the defendant] urges that a violation means a criminal conviction. We do not agree.

The language of this section of the Act does not condition any civil cause of action upon previous conviction under the criminal penalties section of the statute, 18 U.S.C. § 1963. Subsections (a) and (b), moreover, grant the United States district courts the "jurisdiction to prevent and restrain violations of section 1962 . . . making due provision for the rights of innocent persons," and provide for civil action by the government. A fair reading of this section thus indicates that violation is not tantamount to conviction.

The Seventh Circuit addressed the question of civil enforcement by the government under this section of the statute in *United States v. Cappetto*, 502 F.2d 1351, 1357 (7th Cir.1974). In that case, the government elected to bring a civil action rather than a criminal charge. The district court, applying a civil evidence standard, allowed the government to pursue civil remedies against defendants. The Seventh Circuit, in affirming the actions of the district court, stated pointedly that Congress had the power to provide both civil and criminal remedies in the statute, and that if civil remedies were pursued, the civil standard as to burden of proof was the proper one to be applied. The Seventh Circuit's interpretation of the civil remedies section of the Act subsequently was extended by the District Court for the District of Delaware in *Farmers Bank of Delaware v. Bell Mortgage Corp.*, 452 F.Supp. 1278 (D.Del.1978). That court held expressly that there is no merit to the argument that civil remedies are available to individuals in a private cause of action only after a criminal conviction has been obtained. *Id.* at 1280.

Accordingly, as this court finds that a viable claim for relief has been stated in

Count V of plaintiff's complaint, the defendant's motion to dismiss is denied. That being so, the court believes it unnecessary to address the defendant's alternative argument in support of its motion to strike.

---

**2.** 18 U.S.C. § 1964(c) provides: Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.