**Steven J. GLUSBAND, as Receiver for Pyne Commodities Corporation, Plaintiff,**

v.

**Maurice BENJAMIN, Jack Wesley Savage, Melvin Herzberg, and Judi Benjamin, Defendants.**

**No. 81 CIV. 0045 (CBM).**

United States District Court, S. D. New York.

Jan. 4, 1981.

Sage, Gray, Todd & Sims by Robert W. Brundige, Jr., New York City, for plaintiff.

Charles J. Hecht, P.C., New York City, for defendant Judi Benjamin.

### MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

Plaintiff, as receiver of Pyne Commodities Corp., is suing four individuals formerly associated with that organization. The fourth cause of action stated in plaintiff's complaint is based upon alleged violations of the Organized Crime Control Act of 1970, 18 U.S.C. § 1961 *et seq.* (RICO). Defendant Judi Benjamin, noting that she has not been convicted or indicted pursuant to that act, moves to dismiss this cause of action against her. The court denies the motion for the reasons set out below.

*Contentions*

Defendant contends that a civil cause of action pursuant to RICO is predicated upon a prior criminal conviction or indictment. Defendant urges that the court "should not mechanically apply the broad language of the so called 'RICO' statutes relied upon by plaintiff, as this would pervert the intent of the legislature and subject law abiding citizens to treble damages in cases where Congress never intended to create such a drastic remedy." (Defendant Judi Benjamin's Reply Memorandum of Law in Support of a Motion to Dismiss or Strike Certain Causes of Action, pp. 2–3.) Plaintiff disagrees, and contends that civil liability pursuant to RICO is not predicated on prior criminal prosecution.

*Discussion*

The provision which authorizes civil relief for violations of RICO reads, in pertinent part, as follows:

Any person injured in his business or property by reason of a violation of section 1962 of this chapter [section 1962 lists the activities prohibited by the statute] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustained...

18 U.S.C. § 1964(c).

There is nothing in the language quoted above, or elsewhere in the Act, to indicate that the scope of civil liability is to be limited to persons convicted or indicted for racketeering activities. Although there may be some question whether Congress intended to create a broad new civil fraud remedy when it enacted RICO, the statutory language is clear.

The Supreme Court, interpreting another part of the RICO statute, indicated that statutory language generally must be considered controlling. In *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246, 252 (1981), the Court stated that "[i]n determining the scope of a statute, we look first to its language. If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'"

This court's examination of the legislative history behind RICO reveals no evidence of an intent to limit the scope of the civil remedy enacted to persons convicted or indicted. The House Report on the bill later enacted into law as the RICO statute stated only the following with respect to the relevant provision:

> Section 1964 provides civil remedies for the violation of section 1962 above....
>
> Subsection (c) provides for the recovery of treble damages by any person injured in his business or property by reason of the violation of section 1962.

H.R.Rep.No.91–1549, 91st Cong. 2nd Sess., reprinted in [1970] U.S.Code Cong. & Ad. News 4007, 4034.

The language in the House Report does not evince a "clearly expressed legislative intent" to restrict civil liability to people convicted or indicted pursuant to the Act. Thus, the court is constrained to give the statutory provision at issue the broad scope indicated by the language used in the Act.

The court notes that there are no cases in this Circuit which are directly on point. Language from cases outside the Circuit, however, seems to support this court's interpretation of the statute. *United States v. Cappetto*, 502 F.2d 1351 (7th Cir. 1974), *cert. denied*, 420 U.S. 925, 95 S.Ct. 1121, 43 L.Ed.2d 395 (1975) holds that the Government need not first bring a criminal RICO action to be able to bring a civil one. And the court in *Parnes v. Heinold Commodities, Inc.*, 487 F.Supp. 645 (N.D.Ill.1980) found that no previous conviction was necessary to subject a defendant to private civil liability under RICO.

In short, the court must reject the arguments in favor of defendant's motion to dismiss plaintiff's RICO claim against her. Accordingly, defendant's Motion to Dismiss or Strike Certain Causes of Action is denied.