UNITED STATES of America, Appellee,

v.

Sidney ALLEN, Appellant.

No. 80–5093.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1981.

Decided Aug. 20, 1981.

Donald H. Feige, Towson, Md., for appellant.

David Dart Queen, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Catherine C. Blake, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Sidney Allen and four others were convicted of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d). Allen, a bookmaker in Baltimore, had joined with one James Hooper, a former Baltimore City Policeman, and others to bribe officers on the Baltimore City Police Department. Hooper tried to bribe two officers in exchange for protection for the bookmaking operation. The officers reported Hooper's offer to their superiors who in turn contacted the FBI. The FBI, in consultation with the United States Attorney's office, conducted the investigation which resulted in this conviction.

The Government's evidence of the nexus between Allen's activities and interstate commerce consisted of showing that supplies used in the bookmaking operation had traveled in interstate commerce. Since Allen's racketeering activities were limited strictly to Baltimore City, he contends, therefore, that the Government failed to show a nexus between the enterprise, which he claims is the bribery scheme, and interstate commerce. Thus he claims he should not have been prosecuted under RICO, but rather under the Maryland bribery statute, Md.Ann.Code art. 27, § 23. This contention is without merit.

The RICO statute under which Allen was convicted provides:

(c) It shall be unlawful for any person employed by or associated *with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce,* to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c) (emphasis added). We have held that "[t]he Government need not demonstrate that the alleged acts of racketeering themselves directly involved interstate commerce." *United States v. Altomare,* 625 F.2d 5, 8 n. 8 (4th Cir. 1980). Thus the supplies used in Allen's bookmaking operations which originated outside of Maryland provided a sufficient nexus between the enterprise and interstate commerce to invoke RICO. *Id.* at 8.

The judgment of conviction is accordingly AFFIRMED.