**MEINEKE DISCOUNT MUFFLER SHOPS, INC., Plaintiff,**

v.

**Patsy NOTO and Jopat Auto Center, Inc., Defendants.**

No. 82 Civ. 15.

United States District Court,
E. D. New York.

Aug. 16, 1982.

Horn & Conroy, Washington, D. C. (Stephen Horn, Washington, D. C., of counsel) and Mike Walter, Stafford, Tex., for plaintiff.

Alan B. Decker, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a motion under Fed.R.Civ.P. 15 for leave to file an amended complaint. Some background is required to put the motion in context.

Plaintiff, Meineke Discount Muffler Shops, Inc. ("Meineke"), a Texas corporation, is a well known operator and franchisor of retail discount muffler shops. Defendant, Patsy Noto, a New York resident, is the operator and franchisee of a Meineke shop in Staten Island. Defendant, Jopat Auto Center, Inc. (the "Center"), a New York corporation allegedly owned and controlled by Noto, is either the transferee of the Meineke license granted to Noto, or the co-licensee of Noto. *See* Complaint, 82 Civ. 15 (E.D.N.Y. filed January 5, 1982).

On December 29, 1981, the plaintiff filed a complaint in the United States District Court for the Southern District of Texas ("the Texas action") alleging claims for common-law fraud, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Section 1961 et seq., breach of contract, trademark infringement and unfair competition. The nub of these claims is that the defendants devised schemes to defraud the plaintiff of a portion of defendants' gross receipts to which plaintiff was entitled under the franchise contract.

One week later, the plaintiff commenced a second action in this Court. No claims or causes of action were alleged in the complaint. Instead, plaintiff declared that the object of the action was to obtain an Order of Attachment, pursuant to Fed.R.Civ.P. 64 and CPLR 6201, to secure funds to satisfy any money judgment that might eventually be awarded in the Texas action. To that end, on the same day, plaintiff filed, and the Court granted, an ex parte motion for an Order of Attachment. This Order was confirmed on notice and after a hearing on January 29, 1982.

Meanwhile, the defendants moved to dismiss the Texas action. On March 29, 1982, the Texas District Court granted the defendants' motion with respect to the RICO allegations on the ground of improper venue, but denied the motion with respect to all other claims. Meineke then sought an Order from the Texas Court reinstating the RICO counts and transferring the entire action to this Court where venue for all the causes of action would be proper. The motion was denied in Texas.

Plaintiff now seeks to amend its complaint for provisional relief in this Court to allege the RICO claims. The defendants oppose and, in the alternative, if the motion to amend be granted, the defendants move to dismiss the RICO claims.

## DISCUSSION

A. *The Motion to Amend*

■ It should be remembered that the Texas dismissal on the ground of improper venue is without prejudice. Fed.R.Civ.P. 41(b). Accordingly, plaintiff may commence an action on its RICO claims in the appropriate forum. It is also axiomatic that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

■ The only question, then, is whether the plaintiff should be permitted to amend its complaint for provisional relief or whether it should be required to commence a new action. Because a new suit would inevitably be assigned to this Court as a related case, it makes little sense to require plaintiff to start afresh. Accordingly, plaintiff is granted leave to file its proposed amended complaint.

**354**

### B. *The Motion to Dismiss*

Defendants' motion makes three arguments: (1) the amended complaint fails to state a RICO claim; (2) plaintiff is contractually bound to sue defendants only in Texas; and (3) the interest of justice dictates that this action be litigated in one court, viz., Texas.

### (1) *The RICO Arguments*

■ Defendants assert that plaintiff fails to state a RICO claim because it has not alleged either a racketeering enterprise injury or that the defendants are members of organized crime, and because the defendants are not engaged in interstate commerce. These arguments are without merit.

The argument that plaintiff failed to allege a "Racketeering Enterprise Injury" is rejected. The complaint clearly alleges an injury due to the alleged racketeering activities of defendants. Moreover, similar complaints have been held to state a RICO claim. *See, e.g., Hellenic Lines, Ltd. v. O'Hearn,* 523 F.Supp. 244, 248 (S.D.N.Y. 1981).

■ While it is unquestioned that RICO was enacted to "rid the American economy and the channels of interstate commerce from the influences of 'organized crime'," (*United States v. Vignola,* 464 F.Supp. 1091, 1095 (E.D.Pa.1979); *Heinold Commodities, Inc. v. McCarty,* 513 F.Supp. 311, 313 (N.D.Ill.1979)), it is equally clear that an allegation that a RICO defendant is a member of organized crime is not an element of a RICO claim. *Id.* at 1096. *See United States v. Mandel,* 415 F.Supp. 997, 1018–19 (D.Md.1979). "RICO embraces enterprises conducted through a pattern of racketeering whether they are facially legitimate or illegal." *Hellenic Lines, Ltd. v. O'Hearn,* 523 F.Supp. 244, 245–46 (S.D.N.Y. 1981). The contrary view, represented by *Barr v. WUI/TAS, Inc.,* 66 F.R.D. 109 (S.D. N.Y.1975), has been criticized by the commentators. *See, e.g.,* Blakey & Gettings, *Racketeer Influenced and Corrupt Organizations (RICO): Basic Concepts—Criminal and Civil Remedies,* 53 Temple L.Q. 1009, 1029 n.91 (1980). I agree with that criticism and reject the *Barr* view that the defendants must be members of organized crime. *See United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). *See also Engl v. Berg,* 511 F.Supp. 1146, 1155 (E.D.Pa.1981); *Parnes v. Heinold Commodities, Inc.,* 487 F.Supp. 645, 646 (N.D.Ill.1980); *Heinold Commodities, Inc. v. McCarty,* 513 F.Supp. 311, 313 (N.D.Ill. 1979).

■ Defendants' contention that an interstate commerce nexus is lacking because they conduct all their activities on Staten Island, New York is, at best, simplistic. All the plaintiff need show, at trial, to satisfy the interstate commerce element of the RICO claim is that defendants received or utilized supplies shipped into New York State. *See United States v. Allen,* 656 F.2d 964 (4th Cir. 1981).

### (2) *The Venue Clause*

The defendant next argues that the franchise agreement requires plaintiff to bring suit only in the state of Texas. The relevant clause provides:

> This Agreement has been entered into and shall be governed by and construed and enforced in accordance with the laws of the State of Texas. OPERATOR consents to the jurisdiction and venue of any court of general jurisdiction in Harris County, Texas or the county in the State of Texas in which MEINEKE DISCOUNT has its principal office or place of business with respect to any proceedings arising out of this Agreement and OPERATOR further agrees that the mailing to his last known address by certified or registered mail of any process shall constitute lawful and valid process and service thereof. OPERATOR further agrees that he will bring any legal proceedings arising out of this Agreement only in the courts mentioned above.

■ As can plainly be seen from the quoted section, the Operator—and not Meineke—is contractually bound to sue only in Texas. That this clause gives one party certain procedural advantages over the oth-

er does not vitiate the agreement. Cf. *Kessner & Rabinowitz, Inc. v. Winchester Textiles, Inc.,* 46 A.D.2d 239, 361 N.Y.S.2d 933 (1st Dept. 1974). Defendant has not shown that the enforcement of the venue clause "would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). *See Bense v. Interstate Battery System of America, Inc.,* 683 F.2d 718 at 721 (2d Cir. 1982).

### (3) *The Interest of Justice Argument*

 Defendant concludes with the appealing argument that the interest of justice and the convenience of the parties require this action to be tried in one forum rather than two. I could not agree more. Nevertheless, the Texas District Court has dismissed the RICO claim on the ground that Texas was the wrong venue. New York is the correct venue. Unhappily, there is no way to avoid bifurcating this litigation.

For all of these reasons, the defendants' motion to dismiss is denied.

SO ORDERED.