# FEDERAL DEPOSIT INSURANCE CORPORATION

v.

## Samuel L. HARDIN, et al.

v.

## H. Gene ARTRIP, et al.

### No. CIV–2–84–121.

United States District Court,
E.D. Tennessee,
Northeastern Division.

April 24, 1985.

---

John K. King, G.W. Morton, Jr., Morton, Lewis, King & Krieg, Knoxville, Tenn., for plaintiff.

Jerry Laughlin, Greeneville, Tenn., for Hardin.

J. Paul Coleman, H. Wayne Graves, Johnson City, Tenn., George C. Reid, Laurie B. Gilbert, Phillips, Hinchey & Reid, Atlanta, Ga., for Fidelity Deposit Co. of Maryland.

David F. Tucker, Jr., Elizabethton, Tenn., for Charles J. Edens, Edens Enterprises, Inc., Edens Sales & Distributing Co., Inc., Interbahn America's and Coaster's Unlimited.

M. Stanley Givens, G. Richard Johnson, Myers, Johnson & Givens, Johnson City, Tenn., for Roadrunner Markets, Inc.

H. Curtis Williams, Bristol, Tenn., for H. Gene Artrip, Harry C. Williams, Foxglen Assoc., Artrip-Williams and Assoc. Inc., Artrip Petroleum, Inc. and Fanny Fickle's Inc.

Olen G. Haynes, Hicks, Arnold, Haynes & Sanders, Johnson City, Tenn., for Edgewild Development Corp.

John S. McLellan, Kingsport, Tenn., for Mack Slaughter.

## MEMORANDUM AND ORDER

HULL, District Judge.

The Federal Deposit Insurance Corporation (FDIC) in its corporate capacity, brings this action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, along with certain pendent state claims against Samuel L. Hardin, the former chief executive officer, president and director of the failed Watauga Valley Bank in Elizabethton, Tennessee, seeking to recover for losses the bank allegedly sustained as a result of acts of the defendant Hardin in fraudulently and dishonestly extending certain loans and letters of credit to various third-parties. The FDIC also contends that the losses sustained by the bank as a result of Hardin's alleged wrongful conduct are covered, in whole or in part, under the terms and conditions of two contracts of insurance issued by Fidelity and Deposit Company of Maryland (F & D). F & D cross-claims against Hardin and sues several third-party defendants seeking to assert alleged subrogation rights and claims for contribution.

This action is presently before the Court on the defendant Hardin's motion for partial judgment on the pleadings or, in the alternative, for partial summary judgment against the FDIC on the RICO claim. Rule 56, Federal Rules of Civil Procedure.

It is the defendant Hardin's position that, as a matter of law, a prior criminal conviction of the defendant of the underlying predicate offenses with respect to the acts or conduct relied upon by the plaintiff is a prerequisite to the commencement or maintenance of a private civil action under the provisions of RICO. 18 U.S.C. § 1964(c).[1]

---

**1.** Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover

It is apparently undisputed that defendant Hardin has not been convicted of any of the underlying predicate offenses with respect to the acts or conduct relied upon by the FDIC in its complaint.[2] Defendant Hardin cites the recent decision by the Second Circuit Court of Appeals in *Sedima v. Imrex Company, Inc.*, 741 F.2d 482 (2nd Cir.1984) (appeal pending) as authority for his position. Defendant F & D, in its brief in support of defendant Hardin's motion, also urges the Court to "follow the well reasoned opinion of the court in *Sedima.*" In the *Sedima* decision, the Court held that:

> In sum, after reviewing the words and structure of the enacted statute [18 U.S.C § 1964 (c)], its legislative history, and the prior case law interpreting the statute, we find it impossible to believe that in enacting RICO, Congress intended to sweep all ordinary injuries occasioned by the predicate criminal acts within the dragnet of the treble damage remedy provided by section 1964. To bring a private civil action, there must be a "violation," that is, criminal convictions on the underlying predicate offenses. Of course, a conviction under RICO itself will do, a fortiori. 741 F.2d at 503.

The plaintiff FDIC, on the other hand, contends that this Court is bound by the decision of the Sixth Circuit Court of Appeals in *USACO Coal Company v. Carbomin Energy, Inc.*, 689 F.2d 94 (6th Cir. 1982), in which the court stated:

> The defendants have not been subjected to any criminal proceedings under RICO for the acts complained of by the plaintiffs. We are of the opinion that 18 U.S.C. § 1964 (c) creates a private right of action for parties injured by conduct that violates 18 U.S.C. § 1962 without any requirement of a prior criminal conviction for that conduct. We are unaware of any decision by a Court of Appeals on the question whether a criminal conviction under 18 U.S.C. § 1963 is a condition precedent to a private civil action under § 1964 (c). *United States v. Cappetto*, 502 F.2d 1351 (7th Cir.1974), answers in the affirmative the analogous question whether the United States may pursue civil injunctive remedies provided by § 1964 (a) in the absence of a prior criminal conviction.

A number of district courts have specifically rejected the contention that a civil action under § 1964 (c) required a prior conviction under § 1963. *State Farm Fire & Cas. Co. v. Estate of Caton*, 540 F.Supp. 673, 675 (N.D.Ind.1982); *Glusband v. Benjamin*, 530 F.Supp. 240, 241 (S.D.N.Y.1981); *Heinold Commodities, Inc., v. McCarty*, 513 F.Supp. 311, 314 (N.D.Ill.1979); *Parnes v. Heinold Commodities*, 487 F.Supp. 645, 647 (N.D.Ill. 1980); *Farmers Bank of State of Del. v. Bell Mtg. Corp.*, 452 F.Supp. 1278, 1280 (D.Del.1978). We agree with these decisions. We find nothing in the plain language of RICO to suggest that civil liability under § 1964 (c) is limited only to those already convicted or charged with criminal racketeering activity. Section 1964 (c) states that an action for damages may be maintained by any person injured in his business or property by reason of a violation of § 1962. *Bennett v. Berg*, 685 F.2d 1053 (8th Cir.1982). Section 1962 merely describes acts that are "unlawful" under RICO. Section 1963 provides that violations of § 1962 are criminal, just as § 1964 (c) provides that violations of § 1962 create a private right of action for damages. If Congress had intended to limit liability under § 1964 (c) only to those convicted of or charged with RICO crimes, it would have done so within § 1964 (c) by referring to § 1963 or by otherwise specifically indicating that a conviction under § 1963 is a basis for civil damages. By referring in

---

threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee. 18 U.S.C. § 1964 (c).

**2.** In support of his motion, defendant Hardin submitted the affidavit of Samuel L. Hardin

stating that he had never been convicted of a violation of any criminal offense pertaining to any of the alleged conduct described in plaintiff's complaint. The FDIC did not submit any opposing affidavits or allegations.

§ 1964 (c) only to the unlawful acts of § 1962, Congress had created a civil remedy that is independent of criminal proceedings under § 1963. We believe that literal reading of RICO is consistent with the approach of *United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), and the Supreme Court's recognition in that case that Congress intended that RICO be liberally construed to effectuate its remedial purposes. 689 F.2d at 95 n. 1.

After careful consideration, the Court agrees with the position of the FDIC. Until the Supreme Court accepts the *Sedima* rationale, or the Sixth Circuit adopts it, the Sixth Circuit's opinion in *USACO* provides the precedential guidance applicable to the present motion.

Accordingly, it is ORDERED that the defendant Hardin's motion for partial judgment on the pleadings or, in the alternative, for partial summary judgment is hereby DENIED.