UNITED STATES of America

v.

**John GOTTI and Frank Locascio, Defendants.**

**No. CR–90–1051.**

United States District Court, E.D. New York.

Feb. 25, 1992.

vance." *Id.* at 146 (emphasis added).

Andrew J. Maloney, U.S. Atty., John Gleeson, Laura A. Ward and Patrick Cotter, Asst. U.S. Attys., Brooklyn, N.Y., for U.S.

Albert J. Krieger, Miami, Fla., for John Gotti.

Anthony M. Cardinale, Boston, Mass., and John W. Mitchell, New York City, for Frank Locascio.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

The defendants have moved this court for a bill of particulars as to eight uncharged crimes about which the government will seek to introduce evidence at trial. Initially, the defendants sought several items of information about these uncharged crimes; however, in response to the papers submitted by the government on this motion (papers that provided additional information to the defendants), the defendants, at oral argument, narrowed their request considerably: The defendants now seek only the names of any unindicted coconspirators in those uncharged crimes.

■■■ A district court may, under Federal Rule of Criminal Procedure 7(f), direct the government to file a bill of particulars. However, the purpose of such a bill is to supplement the content of the indictment such that the defendant may plead the bar of double jeopardy, avoid unfair surprise at trial, or otherwise prepare adequately for his defense. *United States v. GAF Corp.*, 928 F.2d 1253, 1260 (2d Cir.1991). The decision whether or not to direct the filing of a bill of particulars rests with the sound discretion of the trial court. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988).

■ The appellate case law is clear that the refusal of a district court to direct the filing of a bill of particulars as to the names of unindicted coconspirators is not an abuse of discretion. In *United States v. Torres*, 901 F.2d 205, 233–34 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990), the Second Circuit upheld the decision of the district court to deny a request for a bill of particulars that

sought, among other information, the names of coconspirators—"known and unknown," as charged in the indictment—in a narcotics conspiracy. The court adopted the reasoning of the district court for its conclusion that the district court had not abused its discretion in denying the bill: The court observed that the indictment adequately advised the defendant of the crimes with which he was accused and that the defendant had already received from the government "a wealth of evidentiary detail"—such as electronic intercepts, search evidence, and supporting affidavits. *Id.* at 234. As the court stated: " 'So long as the defendant was adequately informed of the charges against him and was not unfairly surprised at trial as a consequence of the denial of the bill of particulars, the trial court has not abused its discretion.' " *Id.* (quoting *United States v. Maull*, 806 F.2d 1340, 1345–46 (8th Cir.1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987)). See also *United States v. Larracuente*, 740 F.Supp. 160, 163 (E.D.N.Y.1990) (Spatt, J.) ("The Second Circuit [in *Torres* ] recently upheld the district court's denial of a bill of particulars where the defendant sought precisely the same information as that sought here: namely, the identity of other persons in the conspiracy...."). Furthermore, other courts of appeals have reached the same conclusion as that of the Second Circuit in *Torres*. The Sixth Circuit has held:

> Defendant ... claims his counsel's ability to prepare for trial was impeded because he did not have the names of the co-conspirator before trial. The government was not required to furnish this information. A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown....

*United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir.1991). To the same effect, Judge Wallace wrote for the Ninth Circuit that the government is not obliged to disclose to the defendant the names of "unknown co-conspirators." *United States v. DiCesare*, 765 F.2d 890, 897–98 (9th Cir.1985).

The only authorities cited by the defendants in support of their request are district court opinions. Although this line of cases is long, those cases cite no appellate authority in support of the required disclosure of names of coconspirators. Thus, in *United States v. Feldman*, 731 F.Supp. 1189, 1200 (S.D.N.Y.1990), the court referred to the "traditional request for enumeration of one's coconspirators" and remarked of the government's "obligation to provide that ... information." However, no supporting authority was cited for this far-reaching statement of a governmental "obligation." Equally characteristic of these district court opinions is *United States v. Feola*, 651 F.Supp. 1068, 1133 (S.D.N.Y.1987), *aff'd*, 875 F.2d 857 (2d Cir.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989), which cites as its authorities the opinions of other Southern District courts (both of which also cite only to district court opinions):

> Specific items which have been held to be properly disclosed by the Government by way of a bill of particulars include: the names of all persons the Government will claim to have been co-conspirators.... *See, e.g., United States v. Mannino*, 480 F.Supp. 1182, 1185 (S.D.N.Y.1979); *United States v. Chovanec*, 467 F.Supp. 41, 46 (S.D.N.Y.1979).

See also *United States v. Taylor*, 707 F.Supp. 696, 699 (S.D.N.Y.1989) (citing *Feola* for proposition that "bills of particulars have been granted to require the disclosure of all persons the government will claim to have been co-conspirators").

Hence, the case law on this point presents a curious split: There is a line of district court cases that hold that a defendant is entitled to the names of his coconspirators, but the appellate cases clearly hold that refusal to direct the filing of such a bill is not an abuse of discretion. The better authority, then, mandates that the question of granting the request of these defendants for a bill of particulars on this point is entirely a matter of the sound discretion of the court. In the estimation of this court, the government has already provided adequate information to the defendants with respect to these eight un-

charged crimes—such as the time, the place, and the nature of each offense; for this reason, the court will not direct that a bill of particulars be filed.

A final observation on this matter is that bills of particulars are directed to curing defects in an *indictment;* that is, a bill of particulars clarifies the *charges* against a defendant. But the matters as to which these defendants seek the names of unindicted coconspirators are matters as to which the defendants themselves have not been indicted. Thus, this request of the defendants is better construed as a discovery request about evidentiary matters than as a motion for a bill of particulars. Nonetheless, as a discovery request, the defendants are not entitled to this material: What they seek under that rubric would be no more than a "demand for the government's evidence in advance of trial," *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir.1974). But the "law does not impose an obligation [on the government] to preview its case...." *United States v. Leonelli*, 428 F.Supp. 880, 882 (S.D.N.Y.1977).

For the foregoing reasons, the motion of the defendants for a bill of particulars is denied.

SO ORDERED.