**UNITED STATES of America**

v.

**Eduardo BAEZ.**

**No. 3:97CR48 (AHN).**

United States District Court, D. Connecticut.

March 31, 1999.

---

Kurt F. Zimmermann, Silverstein & Osach, New Haven, CT, for Eduardo Baez.

Christopher F. Droney, Peter D. Markle, Michael E. Runowicz, U.S. Attorney's Office, New Haven, CT, Kari Anne Pedersen, Robert M. Appleton, U.S. Attorney's Office, Bridgeport, CT, Joseph W. Martini, Pepe & Hazard, Southport, CT, for U.S.

### RULING ON MOTION FOR BILL OF PARTICULARS

NEVAS, District Judge.

Defendant Eduardo Baez ("Baez") has been charged in a four-count superseding indictment with violating RICO, 18 U.S.C. § 1962(c) (count one), RICO Conspiracy, 18 U.S.C. § 1962(d) (count two), and Violent Crimes In Aid of Racketeering ("VCAR"), 18 U.S.C. §§ 1959(b)(1) and 1961 (counts three and four). Jury selection is scheduled for April 1, 1999.

Presently pending before the court is Baez's Motion For Bill of Particulars. For the following reasons, the motion [doc. # 1211] is DENIED.

### DISCUSSION

In sum, Baez seeks particularization of the events alleged in the indictment including the exact times, dates, places, persons, methods, type of controlled substances, acts of violence, and identity of the victims. He also seeks particularization relating to the identity of the co-conspirators and the nature of conspiracy, as well as the time,

place and identity of the victims of the alleged racketeering acts. Baez argues that a bill of particulars is necessary for the adequate preparation of his defense. There is no merit to his motion.

■ Under the Federal Rules of Criminal Procedure, a district court may order the government to file a bill of particulars. Rule 7(f), Fed.R.Crim.P. But a bill of particulars is not a general investigative tool for the defense, nor a device to compel disclosure of the government's evidence or legal theory prior to trial. *See, e.g., United States v. Salazar,* 485 F.2d 1272, 1278 (2d Cir.1973); *see also United States v. Torres,* 901 F.2d 205, 234 (holding that acquisition of evidentiary detail is not the function of a bill of particulars). Rather, a bill of particulars serves to minimize surprise, permit the defendant to plead double jeopardy should he be prosecuted later for the same offense, and enable him to obtain facts that are needed to prepare a defense. *See Wong Tai v. United States,* 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *Torres,* 901 F.2d at 235; *United States v. Gotti,* 784 F.Supp. 1017, 1018 (E.D.N.Y.1992). A bill of particulars is only required where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he has been accused. *See Torres,* 901 F.2d at 233–34; *Gotti,* 784 F.Supp. at 1018; *United States v. Leonelli,* 428 F.Supp. 880, 882 (S.D.N.Y.1977).

■ Further, a defendant does not ordinarily need detailed evidence about a conspiracy to prepare for trial. *See United States v. DeFabritus,* 605 F.Supp. 1538, 1547 (S.D.N.Y.1985) (citations omitted). To require specification of the formation of the conspiracy, the place and date of each defendant's entrance into the conspiracy, the substance of the conspiracy, and the manner in which the conspiracy operated would unduly restrict the government's proof at trial. *See Young,* 741 F.Supp. at 349 (citation and internal quotation marks omitted). "It is sufficient that an indictment charging conspiracy state the ele-

ments of the offense charged." *Id.* (citations omitted).

■ The grant or denial of a bill of particulars rests within the sound discretion of the court. *See United States v. Panza,* 750 F.2d 1141, 1148 (2d Cir.1984); *Gotti,* 784 F.Supp. at 1018. In exercising this discretion, the court should consider whether the requested disclosures are necessary to enable the defendant to prepare for trial and avoid unfair surprise at trial. *See DeFabritus,* 605 F.Supp. at 1547. Because a bill of particulars confines the government's proof of the particulars furnished, the court must also consider whether the request for a bill of particulars would unduly restrict the government's ability to present its case; if so, the request should be denied. *See United States v. Massino,* 605 F.Supp. 1565 (S.D.N.Y.1985), *rev'd on other grounds,* 784 F.2d 153 (2d Cir.1986).

■ Here, the court finds that the indictment adequately advises Baez of the specific acts of which he is accused. Moreover, the government has provided him with an exceptional amount of information through discovery and in connection with plea negotiations. Specifically, Baez has received the grand jury transcripts of the government's principal witnesses and the case agents. The government represents that these transcripts contain the evidence that the government intends to introduce at trial, including the nature and structure of the Latin Kings, the acts of violence, the racketeering acts as well as Baez's role as President of the enterprise. Baez has also received the FBI 302s and transcripts of the trial testimony of the government's principal witnesses who testified at the prior trials of Baez's co-defendants. This has given him additional information about the RICO conspiracy and the racketeering acts alleged against him. Also, before he was indicted, Baez had access to all of the Title III evidence, including his tape recorded conversations and other intercepted conversations as well as logs and typed

transcripts of some of the conversations. He has been given copies of consensual tape recordings of his conversations with a case agent and the 302s of his proffer sessions in December 1996 and January 1997. He also received extensive Jencks material.

Based on the quantity and quality of the information Baez has received, it is disingenuous for him to claim that he does not know the nature of the charges against him or that he will be unfairly surprised by the evidence introduced at trial or that he is unable to prepare his defense.

## CONCLUSION

For the foregoing reasons, the defendant's Motion for Bill of Particulars [doc. # 1211] is DENIED.