**SAN ANTONIO TELEPHONE CO., INC., INC., Northeastern Telephone Co., Gulf Telephone & Electronics, Inc., El Paso Telephone Co., on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,**

v.

**AMERICAN TELEPHONE & TELE-GRAPH COMPANY et al., Defendants-Appellees.**

No. 73-4037.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1974.

---

Philip E. McCleery, Joel W. Westbrook, J. Robert Sheehy, Waco, Tex., for plaintiffs-appellants.

J. Burleson Smith, Brice A. Tondre, San Antonio, Tex., for American Tel.

Hubert W. Green, Jr., San Antonio, Tex., for American Tel. and others.

Hugh L. Steger, John K. Delay, Jr., Dallas, Tex., for Western Elect.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

The only question presented in this private antitrust litigation is whether venue lies in the Western District of Texas. The appellants are engaged in selling and installing telephone equipment in places like hotels, while the appellees are twenty-two telephone operating companies that are physically located in distant portions of the United States.[1]

---

1. As outlined by the district court, the twenty-two operating companies are as follows: "New England Telephone and Telegraph Company, New York Telephone Company, New Jersey Bell Telephone Company, The Bell Telephone Company of Pennsylvania, The Diamond State Telephone Company, The Chesapeake and Potomac Telephone Company, The Chesapeake and Potomac Telephone Company of Maryland, The Chesapeake and Potomac Telephone Company of Virginia, The Chesapeake and Potomac Telephone Company of West Virginia, Southern Bell Telephone and Telegraph Company, South Central Bell Telephone Company, The Ohio Bell Telephone Company, Michigan Bell Telephone Company, Indiana Bell Telephone Company,

The district court concluded that venue was improper with regard to the twenty-two operating companies and dismissed the complaint under Rule 12(b), F.R.C.P., as to them.[2] We affirm.

Appellants present principally two arguments to support their contention that venue lies in the Western District of Texas.[3] First, in accordance with the terms of § 12 of the Clayton Act,[4] the twenty-two operating companies, appellants contend, *transact business* within the Western District. While these companies maintain no facilities or personnel in Texas, appellants argue that the interconnection of the communications network, coupled with a division among the companies of revenues obtained from long distance communications, consti-

tutes the transaction of business within that district.

In deciding whether a corporation transacts business within a judicial district, the Supreme Court has defined that term more specifically to mean conducting business in the "ordinary and usual sense." Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927); *see* United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948). Like the district court, we believe that interconnection of the network, even coupled with the division of revenues, is too tenuous a connection with the Western District of Texas to constitute transacting business in the ordinary and usual sense.[5]

Wisconsin Telephone Company, Illinois Bell Telephone Company, Northwestern Bell Telephone Company, Pacific Northwest Bell Telephone Company, The Pacific Telephone and Telegraph Company, The Southern New England Telephone Company, The Cincinnati and Suburban Bell Telephone Company (now Cincinnati Bell, Inc.), all of which are associated operating companies of the Bell System, and The Woodbury Telephone Company."

2. Four other defendants were named in the complaint, American Telephone & Telegraph Company, Southwestern Bell Telephone Company, Mountain States Telephone & Telegraph Company and Western Electric Company, Inc., but these parties have not challenged venue.

3. Appellants also argue that, under Giusti v. Pyrotechnic Industries, 156 F.2d 351 (9th Cir., 1946), a corporation can be regarded as transacting business in a district in which a conspiracy in violation of the anti-trust laws has had an effect. See 1 J. Moore, Federal Practice, ¶ 0.144 [15] (1974). As pointed out by the district court, however, the conspiracy theory for establishing venue generally has been rejected. *See e. g.* Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953). While Mr. Justice Clark, writing for the majority in *Holland*, briefly recognized petitioner's argument that venue was established as a result of defendant's involvement in the conspiracy, Mr. Justice Frankfurter in dissent elaborated on this point as follows: "If we now had to decide whether a co-conspirator as such is an 'agent' for purposes of venue under 15 U.S.C. § 15, it

cannot be doubted that we would have to conclude that the district judge was right in finding that the Georgia Commissioner could not be kept in the suit. Once it is clear that the Georgia defendant has the right to be let out, all discussion of the limits of mandamus becomes irrelevant and gratuitous. Obviously a judge cannot be mandamused to put a proposed defendant into a litigation when as a matter of unquestioned law he should be let out." *Id.* at 386, 74 S.Ct. at 150; H. L. Moore Drug Exchange, Inc. v. Smith, Kline & French Laboratories, 384 F.2d 97 (2nd Cir., 1967); West Virginia v. Morton International, Inc., 264 F.Supp. 689 (D.Minn., 1967).

4. Section 12, codified at 15 U.S.C. § 22 (1970), provides in full as follows: Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

5. Appellants also attempt to show that appellees transact business in Texas because of the nationwide advertising campaign conducted by the defendants in conjunction with AT & T. The evidence, however, demonstrates that the only nationwide advertising done by AT & T pertains to long distance communications. Any other advertising is done by the operating company and only in the locality where the particular operating company conducts its business. As noted by the district court, "national advertising which finds

■■ Second, appellants argue that the twenty-two operating companies are merely a part of the larger organization of American Telephone & Telegraph Company, and since venue is proper for AT & T in the Western District, venue is also proper for the operating companies. While it is true that venue may be established through a relationship between corporations when they in effect comprise a single entity, Fisher Baking Co. v. Continental Baking Corp., 238 F. Supp. 322 (D.Utah, 1965), the evidence in this case does not demonstrate such a total disregard for the separate corporate entities. Rather it appears that, while AT & T may dictate general policies of the operating companies, the daily business affairs are the responsibility of the different companies. *See* O. S. C. Corp. v. Toshiba America, Inc., 491 F.2d 1064 (9th Cir., 1974).

Affirmed.

its way into a particular jurisdiction is insufficient to support a finding of transaction of business." Albert Levine Assoc. v. Bertoni & Cotti, 309 F.Supp. 456 (S.D.N.Y., 1970).