FARMERS BANK OF the STATE OF
DELAWARE, Plaintiff,

v.

BELL MORTGAGE CORPORATION
et al., Defendants.

Civ. A. No. 76–122.

United States District Court,
D. Delaware.

June 12, 1978.

Wayne N. Elliott, James L. Holzman, and Charles S. Ernst, of Prickett, Ward, Burt & Sanders, Wilmington, Del., for plaintiff.

W. Leigh Ansell, of Ansell, Butler & Canada, Virginia Beach, Va., for defendant Giglia.

Robert M. Price, pro se.

Nathan H. Cohen, pro se.

Lyle L. Lathrop, pro se.

William R. Hester, Jr., of Hester, Robison & Townsend, Orange Park, Fla., for defendants Hester and Killebrew.

Leanne Orlove, pro se.

Allen C. D. Scott, II, of Maxwell & Scott, Jacksonville, Fla., for defendant Liebert.

Marie L. Stachowski, pro se.

James D. Pennington, pro se.

## OPINION

STAPLETON, District Judge:

In this action, plaintiff Farmers Bank ("Farmers") accuses the fifty-one corporate and individual defendants of violating Sections 5(a), 5(c), 12 and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), 77e(c), 77*l* and 77q(a), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.-10b–5, the Organized Crime Control Act of 1970, 18 U.S.C. § 1961, *et seq.*, as well as of breaching their fiduciary duties and of acting fraudulently under state law. Jurisdiction over the federal claims is conferred by Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, 18 U.S.C. § 1964, and 28 U.S.C. §§ 1331 and 1337. Plaintiff brings the state law claims under the principle of pendent jurisdiction.

Defendant James Dale Pennington ("Pennington") has moved to dismiss the complaint. Because his motion attacks only Count II of the complaint, that arising under the Organized Crime Control Act of 1970, 18 U.S.C. § 1961, *et seq.*, this Opinion will be limited to a discussion of that cause of action. Pennington has made several arguments in support of his motion. First, he claims that Count II does not state a claim upon which relief may be granted. Second, Pennington argues that pursuant to 18 U.S.C. § 1965, venue does not exist in this District. Third, he claims that the complaint does not inform him of the claim against him with sufficient certainty, because it does not allege facts showing how he was involved in the alleged conspiracy. Finally, he avers that there are factual errors in the complaint.

In a previous Opinion in this case, dated April 25, 1978, on a motion to dismiss by defendant Nathan H. Cohen, I held that under the Organized Crime Control Act of 1970, "Farmers has stated a claim for which relief may be granted". For the reasons stated in that Opinion, I reach the same conclusion here. Pennington makes an argument here not raised in the earlier motion, however. He contends that he was not convicted of violating the Act,[1] and

---

1. It is clear that Pennington was convicted on a federal charge, although it is not clear what that charge was or what set of facts it related to. In his motion, he states:

   Defendant admits that in 1975 he was indicted in the Eastern District of Virginia and the Middle District of Florida for violations of 18:1962(c). And in 1976 was convicted pursuant to a Rule 20 and is now serving a term of seven years in the Atlanta federal penitentiary. Defendant prays the court to recognize that the fraudulent activities allegedly

cannot, therefore, be held civilly liable under the Act. I do not find any merit in this argument.

■ Section 1962 of Title 18 of the United States Code makes it unlawful for any person to engage in certain "racketeering activities", or to conspire to engage in those activities. 18 U.S.C. § 1963 provides criminal penalties for violations of Section 1962. 18 U.S.C. § 1964 provides for civil remedies. Section 1964(c) provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

This provision for a private cause of action arising out of the Organized Crime Control Act of 1970 does not condition that cause of action in any way upon a previous conviction under the criminal provisions of the statute. It is only necessary that the plaintiff prove the elements of the Act by a preponderance of the evidence in order to be awarded damages in a civil action. *Cf. United States v. Capetto,* 502 F.2d 1351 (7th Cir. 1974), *cert. denied,* 420 U.S. 925, 95 S.Ct. 1121, 43 L.Ed.2d 395 (1975). Accordingly, Count II will not be dismissed based on the failure of Farmers to allege a claim upon which relief may be granted.

18 U.S.C. § 1965 provides for the venue of actions under the Organized Crime Control Act of 1970. That section provides:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

Pennington claims that he does not reside in, is not found in, does not have an agent in and transacts no affairs in this district. Farmers does not dispute this. Therefore, it appears that there is no specific grant of venue for Count II found in Section 1965(a).[2]

■ However, the venue provisions of Section 1965 are not necessarily exclusive. The language of that provision merely says that an action "may" be brought in that district. The legislative history of Section 1965 reveals that it was patterned after the venue provisions of the antitrust laws.[3] *See King v. Vesco,* 342 F.Supp. 120 (N.D. Cal.1972). Under the antitrust laws, it has been held in this and other circuits that the general venue provisions of 28 U.S.C. § 1391, *et seq.* are meant to supplement the antitrust venue provisions of 15 U.S.C. §§ 15, 22. *T–M Parts, Inc. v. The Charles Machine Works, Inc.,* C.A. 74–174 (D.Del. Dec. 29, 1976); *State of Mew York v. Morton Salt Co.,* 266 F.Supp. 570 (E.D.Pa.), *affirmed,* 385 F.2d 122 (3rd Cir. 1967), *cert. denied,* 390 U.S. 995, 88 S.Ct. 1195, 20 L.Ed.2d 94 (1968); *School District of Philadelphia v. Harper & Row Publishers, Inc.,* 267 F.Supp. 1006 (E.D.Pa.1967); *Adams Dairy Co. v. National Dairy Products Corp.,* 293 F.Supp. 1135 (E.D.Pa.1968); *Philadelphia Housing Authority v. American Radiator,* 291 F.Supp. 252 (E.D.Pa.1968). *See also Board of County Commissioners v. Wilshire Oil Co.,* 523 F.2d 125 (10th Cir. 1975); *Albert Levine Associates v. Berton & Cotti,* 314 F.Supp. 169 (S.D.N.Y.1970); 1 *Moore's Federal Practice* (1977 Ed.), ¶ 0.144[14.–15]. *Cf. Pure Oil Co. v. Suarez,* 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966) (general venue provisions supplement venue provisions of Jones Act). Given the language

---

done by defendants were never encompassed in any federal or state indictment. Further, United States Attorneys were aware of the alleged activities stated by plaintiff but chose to negate any criminal action.

2. Section 1965(b) permits the Court to require other parties residing elsewhere to be brought before it if "it is shown that the ends of justice require." I am not convinced that plaintiff has

made such a showing based upon the current record.

3. See 1970 United States Code Cong. & Admin. News, p. 4034:

> Section 1965 contains broad provisions regarding venue and process, which are modeled on present antitrust legislation.

and legislative history of Section 1965,[4] I conclude that its provisions were not intended to be exclusive, but rather, were intended to liberalize the already existent venue provisions found in Title 28.

28 U.S.C. § 1391(b) provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Pursuant to this general provision, there is venue to hear Count II in the district "in which the claim arose".

■ In determining in which district a claim arose, this Court has adopted the "weight of the contacts" test in ascertaining the propriety of venue under the antitrust laws, upon which the venue provisions now at hand were based. *T–M Parts, Inc. v. The Charles Machine Works, Inc., supra. See also Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., supra; Grappone, Inc. v. Subaru of America, Inc.,* 403 F.Supp. 123 (D.N.H. 1975); *Redmond v. Atlantic Coast Football League,* 359 F.Supp. 666 (S.D.Ind.1973); *Fox-Keller, Inc. v. Toyota Motor Sales, U.S.A., Inc.,* 338 F.Supp. 812 (E.D.Pa.1972); *California Clippers, Inc. v. United States Soccer Football Association,* 314 F.Supp. 1057 (N.D.Cal.1970); *ABC Great States, Inc. v. Globe Ticket Co.,* 310 F.Supp. 739 (N.D.Ill.1970). I believe that the "weight of the contacts" test should also be applied

in this action arising under 18 U.S.C. § 1962.

■ In *T–M Parts, supra,* I also held that before the Court must determine the "weight of the contacts", it must be alleged that each participant in the conspiracy, as to whom the impropriety of venue in a particular district is asserted, has engaged in some significant or substantial act pursuant to the conspiracy in that district.[5] *See also Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corporation, supra; Weinstein v. Norman M. Morris Corp.,* 432 F.Supp. 337 (E.D.Mich. 1977); *San Antonio Telephone Co. v. American Telephone & Telegraph Co.,* 499 F.2d 349 (5th Cir. 1974); *ABC Great States, Inc. v. Globe Ticket Co., supra.* Since the venue provisions at issue here are modeled after the antitrust venue provisions, I conclude that it must be shown that there is venue over Pennington, under Section 1391(b), due to his own contacts with this district.

■ The complaint may allege facts indicating that the claim against some of the co-conspirators arose in this district, due to conspiratorial acts occurring in Delaware.[6] However, even if such facts are alleged, Pennington is not alleged to have had any substantial or significant contacts with this district in connection with the conspiracy. Accordingly, it has not been alleged that the claim against Pennington arose in this district and proper venue has not been asserted as to him under 28 U.S.C. § 1391(b).[7]

---

4. Section 1965(b), noted above, also indicates a legislative intent to have a liberal venue standard under this Act.

5. Plaintiff, relying on a number of cases arising under the securities laws, argues that venue over all co-conspirators is established if at least one co-conspirator performed an act or transaction in furtherance of the conspiracy in this district. However, as 15 *Wright, Miller & Cooper, Federal Practice & Procedure,* § 3818 states:

[The conspiratorial theory] has been explicitly rejected in a multitude of lower court cases, and it is now clear that in antitrust cases . . ., venue must be properly established for each defendant.

I conclude that the conspiratorial theory of venue should also be rejected in this case.

6. I do not find it necessary to make a finding as to this at the present time. It may also be that there is venue in this district as to some defendants under the terms of 18 U.S.C. § 1965(a). In fact, it so appears from the complaint.

7. Plaintiff also argues that there is venue over Pennington pursuant to Count I, alleging a conspiracy to violate the securities laws. It appears that there is such venue under Section 22 of the Securities Act of 1933, 15 U.S.C. § 77v, and Pennington does not challenge this. I do not understand, however, how this confers venue over Count II as well.

Unless plaintiff amends its complaint by alleging that the claim arose in this district and that Pennington engaged in some substantial act pursuant to the conspiracy in this district, moves to transfer the action, insofar as it relates to Pennington, to another district, or makes an appropriate showing that there is venue here under 18 U.S.C. § 1965(b),[8] within twenty days, Pennington's motion to dismiss for lack of venue will be granted.

Pennington's third argument in support of his motion is that insufficient facts have been alleged to inform him of the claim against him. Specifically, he claims that the complaint does not demonstrate how he participated in the alleged fraudulent scheme. Rule 8 of the Federal Rules of Civil Procedure requires only notice pleading, i. e. that the defendant be given notice of the plaintiff's claim and the grounds on which it rests. *See, e. g. Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41 (7th Cir. 1977). Although the plaintiff must allege his theory for liability, it need not allege all the facts showing liability. *Muth v. Dechert, Price & Rhoads*, 391 F.Supp. 935 (E.D.Pa.1975). I believe that a fair reading of the complaint provides such notice. The complaint alleges that the defendants conspired and acted to defraud Farmers by use of the mortgage scheme by assigning forged securities and by concealing certain relevant information from Farmers. Although the complaint does not allege precisely what Pennington's role in the scheme was, it does allege the outline of that scheme and does identify him as one of the perpetrators. This is sufficient to put Pennington on notice of the claim against him.[9] Pennington's motion must be denied on this ground.

Finally, Pennington complains of factual errors in the complaint. The motion to dismiss is not a proper mechanism to raise these issues. The allegations of the complaint must be accepted as true on such a motion. *Scheuer v. Rhoads*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Pennington's motion to dismiss will be denied on this ground also.

The Court will refrain from taking any action on Pennington's motion to dismiss for lack of venue for twenty days, pending any application which the plaintiff may make.

8.  As noted above, 18 U.S.C. § 1965(b) provides that the district court may summon other parties over whom there would not otherwise be venue in the district if "it is shown that the ends of justice [so] require. . . ." If plaintiff can make a proper showing that the claim arose as to other defendants in this district, and that there is no other district in which there is venue over all the defendants, this Court may find that the ends of justice require it to exercise venue over Pennington.

9.  If Pennington feels that he needs more information, he may avail himself of the discovery mechanisms set forth in the Federal Rules of Civil Procedure. *See Conley v. Gibson, supra* at 48, n. 9, 78 S.Ct. 99.