UNITED STATES of America, Plaintiff,

v.

The BONANNO ORGANIZED CRIME FAMILY OF LA COSA NOSTRA, Joseph Bonanno, Philip Rastelli, Joseph Massino, Anthony Spero, Louis Attanasio, Alfred Embarrato, Gabriel Infanti, Frank Lino, Nicholas Marangello, Anthony Riella, Michael Sabella, Anthony Graziano, Benjamin Ruggiero, Ignatius Bracco, James Vincent Bracco, William Rodini, Vito Gentile, International Brotherhood of Teamsters, Local 814 Van Drivers, Packers and Furniture Handlers, Warehousemen's and Appliance Home Delivery Union, Executive Board of International Brotherhood of Teamsters Local 814 Van Drivers, Packers and Furniture Handlers, Warehousemen's and Appliance Home Delivery Union, International Brotherhood of Teamsters Local 814 Van Drivers, Packers, and Furniture Handlers, Warehousemen's and Appliance Home Delivery Union Welfare Fund, International Brotherhood of Teamsters Local 814 Van Drivers, Packers and Furniture Handlers, Warehousemen's and Appliance Home Delivery Union Pension Fund, International Brotherhood of Teamsters Local 814 Van Drivers, Packers, and Furniture Handlers, Warehousemen's and Appliance Home Delivery Union Annuity Fund, Defendants.

UNITED STATES of America, Plaintiff,

v.

CERTAIN BUILDINGS AND PROPERTIES LOCATED AT 58–23 58TH ROAD, MASPETH, NEW YORK, 405 Myrtle Avenue, Brooklyn, New York, 78–80 East 4th Street, New York, New York, Defendants.

No. CV–87–2974.

United States District Court, E.D. New York.

Sept. 30, 1988.

Peter R. Ginsberg, Asst. U.S. Atty., Judd Burstein, P.C., New York City, for Anthony Spero.

Joseph R. Benfante, New York City, for Gabriel Infanti.

Gerald B. Lefcourt, P.C., New York City, for Anthony Riela.

Gustave H. Newman, P.C., New York City, for Michael Sabella.

Benjamin Ruggiero, Memphis, Tenn., pro se.

Robert M. Simels, New York City, for Nicholas Marangello and William Rodini.

Richard Ware Levitt, New York City, for Joseph Bonanno.

Michael J. Coyle, Stanley A. Teilter, P.C., New York City, for Philip Rastelli.

Ronald P. Fischetti, Fischetti & Pomerantz, New York City, for Joseph Massino.

Wallace Musoff, New York City, for Louis Attanasio.

John J. Pollok, Todtman, Hoffman, Epstein, Young, Goldstein, Tunick & Pollok, P.C., New York City, for Alfred Embarrato, Frank Lino and Anthony Graziano.

Joel A. Pisano, Schwartz, Pisano, Simon & Edelstein, Livingston, N.J., for Belleville Motor Lodge, Inc.

Sharon A. Flood, New York City, for James Vincent Bracco.

Ronald M. Kleinberg, Richard A. Finkel, Meissner, Kleinberg & Finkel, New York City, for claimants, Joseph and Carmela Castelli.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Defendants Sabella, Riela, and Bonanno have moved to dismiss the Second Amended Verified Complaint ("the complaint"), and Massino has moved to dismiss some portions of the complaint and to strike others. By Memorandum and Order of this court dated March 24, 1988 ("March 24 order"), the earlier complaints in this action were dismissed entirely against Sabella, Riela, and Bonanno and in part against Massino. These defendants challenge the complaint on various grounds including failure to plead two acts of racketeering for a particular defendant, failure to plead a pattern of racketeering, statute of limitations, improper venue, violation of the prohibition against *ex post facto* laws, violation of Riela's and Bonanno's due process rights, failure to plead the False Claims Act claims with particularity, *res judicata*, failure to plead aiding and abetting adequately, and failure sufficiently to allege a claim against Massino under 18 U.S.C. § 1962(b). For the reasons set forth below, the motions are granted in part and denied in part.

### JOSEPH BONANNO

Defendant Joseph Bonanno moves to dismiss on several grounds including the insufficient allegation of predicate acts and pattern of racketeering, failure to plead a relationship between the predicate acts and the Bonanno Family enterprise, improper venue, statute of limitations, unavailability of the relief requested, and violation of Bonanno's due process rights. It is only necessary to address one of Bonanno's arguments since it disposes of the complaint as against Bonanno.

■ Bonanno argues that the complaint must be dismissed as against him because the only two predicate acts which the government alleges that Bonanno committed were violations of a statute which did not exist at the time the acts complained of occurred. Bonanno's argument is well taken. The only predicate acts alleged against Bonanno are contained in paragraphs 54 and 55 of the complaint which allege that, in February 1979, Bonanno used intimidation or misleading conduct to influence the testimony of two people in grand jury proceedings in California in violation of 18 U.S.C. § 1512, thus committing an act of racketeering under 18 U.S.C. § 1961(1)(B).[1]

Section 1512 of Title 18, which the complaint accuses Bonanno of violating, was not enacted until 1982, and the acts which the complaint alleges Bonanno committed occurred in 1979. The acts therefore did not constitute acts which were "indictable" under 18 U.S.C. § 1512 *as required by the* definition of "racketeering activity" in 18 U.S.C. § 1961(1)(B).

The government argues that § 1961(1) was intended to refer to "generic types of activities proscribed, and whether a particular statute was in effect at the time certain conduct defined as a predicate act occurred is irrelevant." (Government Brief

---

1. Paragraphs 54 and 55 refer without discussion to a Memorandum of Decision submitted as Exhibit 2-D to the complaint. That Memorandum of the United States District Court for the Northern District of California finds Joseph Bonanno guilty of count one of an indictment. The indictment has not been submitted by the government but Bonanno has attached it to his brief. That indictment reveals that in count one

Bonanno was accused of violating 18 U.S.C. § 371 by conspiring to obstruct justice in violation of 18 U.S.C. § 1503. Since the government does not argue that paragraphs 54 and 55 were intended to allege violations of § 1503 as it existed in 1979, it is not necessary to decide the theoretical question of whether the conduct alleged would have fallen within former § 1503.

at 26–27) The government, however, overlooks the fact that, although § 1961(1)(A) lists generic categories of *state law* offenses (not including obstruction of justice or tampering with grand jury witnesses), § 1961(1)(B) does not list generic categories of federal offenses but instead lists specific statutes, including § 1512, the one on which the government relies. The offense alleged must be *indictable* under that statute. Courts have construed this requirement strictly. For example, conspiracy to violate one of the listed statutes does not constitute an act of racketeering unless it is actually indictable under the statute as opposed to under 18 U.S.C. § 371, the general conspiracy statute. *See United States v. Ruggiero,* 726 F.2d 913, 920 (2d Cir.), *cert. denied sub nom. Rabito v. United States,* 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 60 (1984).

The cases cited by the government do not support its position. *United States v. Forsythe,* 560 F.2d 1127 (3d Cir.1977), and the other cases cited by the government in its brief at 27–29 all involve the state law offense category of § 1961(1)(A), and most of the cases involve the issue of whether the conduct alleged must currently be chargeable under state law (for example, if the defendant has already been acquitted or the statute of limitations has run) and not whether it was chargeable at the time it occurred.

The Second Amended Verified Complaint thus fails to allege at least two RICO acts of racketeering against Bonanno and will be dismissed as against him. In view of the fact that this is the government's third complaint, the second complaint naming Mr. Bonanno, and Mr. Bonanno's second successful motion to dismiss, the complaint as against Bonanno is dismissed with prejudice.

## MICHAEL SABELLA

By letter dated July 12, 1988, counsel for Michael Sabella informed the court that Sabella had died on July 11, 1988. The government has yet to move to substitute Sabella's estate under Rule 25, Fed.R. Civ.P. The court will defer decision on Sabella's motion to dismiss pending expiration of the ninety day period under Rule 25 and dismissal of the action against Sabella or the filing of a motion to substitute by the government.

## ANTHONY RIELA

*Predicate Acts and Pattern of Racketeering*

The predicate acts alleged against defendant Riela are contained in paragraphs 23, 46, 47, and 52 of the complaint. Riela alleges that the government has inadequately pleaded these predicate acts and failed to plead a pattern of racketeering.

■ Paragraph 23 alleges that Riela has participated in the conduct and ownership of a gambling business at the 4th St. Cafe, 78–80–82 East 4th Street, New York, New York. Riela was not mentioned in connection with the 4th St. Cafe in the original complaints and maintains his inclusion now in paragraph 23 is "specious." Riela's accusation, however, cannot provide a basis for a motion to dismiss, and he has not moved for summary judgment. The court will not assume that the government has no basis for its allegations in this verified complaint; the allegations of paragraph 23 will therefore not be stricken.

Paragraphs 46 and 47 concern the extortion scheme in *United States v. Balistrieri,* 778 F.2d 1226 (7th Cir.1985), *cert. denied,* 477 U.S. 908, 106 S.Ct. 3284, 91 L.Ed. 2d 573 (1986), and the alleged extortion of Government Agent Gail Cobb at Casa Bella Restaurant in New York. Although Riela argues that the nature of his role as an aider and abettor is not sufficiently pleaded, paragraph 46 alleges Riela aided and abetted the extortion scheme by arranging meetings between organized crime families for which he was paid. Paragraph 47 alleges that Riela acted as both a principal and as an aider and abettor.

Paragraph 52 alleges that Riela violated the Travel Act, 18 U.S.C. § 1952, in travelling from New Jersey to New York at least three times in aid of the extortionate activities alleged in paragraphs 46 and 47.

Paragraph 47 alone sufficiently alleges two or more predicate acts and a pattern of racketeering. Paragraph 47 alleges that Sabella, Ruggiero, and Riela extorted, attempted to extort, and aided and abetted the extortion of Agent Gail Cobb on twenty different occasions in 1978 and 1979. Riela maintains that the acts alleged in paragraphs 46 and 47 in reality constitute one offense involving the same defendants, same statute, same time period, and same victim. Riela contends that the payments alleged in paragraph 47 were merely ministerial acts in furtherance of the extortion scheme alleged in paragraph 46. The government in response claims that paragraph 46 concerns a scheme to control a Milwaukee vending machine business while paragraph 47 concerns a scheme to extort money from Agent Cobb and that each extortion alleged is a separate crime.

■ Unlike some other courts, the United States Court of Appeals for the Second Circuit does not require multiple schemes or multiple episodes for a RICO "pattern of racketeering" and in fact has expressly rejected such requirements. *United States v. Benevento*, 836 F.2d 60, 72 (2d Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988); *United States v. Ianniello*, 808 F.2d 184, 192 & n. 15 (2d Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 3229, 97 L.Ed.2d 736 (1987). Here, as long as the government has alleged at least two offenses of extortion, the pattern requirement is satisfied. Separate payments as part of one scheme of extortion may be charged as separate extortion offenses under 18 U.S.C. § 1951. *United States v. Tolub*, 309 F.2d 286, 289 (2d Cir.1962); *United States v. Smalley*, 754 F.2d 944, 947 (11th Cir.1985); *United States v. Brooklier*, 685 F.2d 1208, 1217 (9th Cir. 1982) (each extortionate payment amounts

to separate RICO act of racketeering), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1194, 75 L.Ed.2d 439 (1983). Regardless of whether there is an overlap between the allegations of paragraphs 46 and 47, the twenty acts of extortion in paragraph 47 alone therefore sufficiently allege a pattern of racketeering against Riela.[2]

### *Statute of Limitations*

■ Riela argues that the claims against him are barred by the four year statute of limitations applicable to RICO civil damage actions. *See Agency Holding Corp. v. Malley–Duff & Associates*, —— U.S. ——, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987)[3]. The only claims against Riela, however, are equitable in nature (seeking injunctive relief and divestiture) and this court in its March 24 order at 92 held the statute of limitations and laches were inapplicable to equitable claims brought by the government.

Riela maintains that the court's holding was dicta since the defendants remaining in the case had all allegedly committed acts within four years of the filing of the complaint. The memorandum, however, presents the inapplicability of the statute of limitations and laches as one of two bases for the court's rejection of the statute of limitations argument. The authorities cited by Riela do not support his argument that the statute of limitations bars the government's RICO claims and do not concern actions brought by the government. In at least two instances, Riela's authorities are directly contrary to his position. *Cannon v. University of Health Sciences*, 710 F.2d 351, 359 (7th Cir.1983) (when the only relief that can be sought is equitable, laches, not the statute of limitations, applies); *Dayco Corp. v. Firestone Tire & Rubber Co.*, 386 F.Supp. 546, 549 (N.D.Ohio 1974) (private equitable claim as-

---

**2.** The pattern here is even more extensive when the gambling allegations of paragraph 23 and the Travel Act allegations of paragraph 52 are included.

**3.** Riela maintains that *Agency Holding* adopted a four year statute of limitations for all civil RICO actions including civil actions brought by the government because the Court stated that it was

determining "the appropriate statute of limitations for civil enforcement actions brought under RICO." 107 S.Ct. at 2762. *Agency Holding*, however, was a private action for damages and the Court was clearly drawing an analogy to the Clayton Act private treble damage right of action.

serted along with legal claim will not survive statute of limitations bar although public policy would preserve equitable claim asserted by the government) (*citing United States v. Firestone Tire & Rubber Co.,* 374 F.Supp. 431 (N.D.Ohio 1974)), *aff'd on other grounds,* 523 F.2d 389 (6th Cir. 1975). The court therefore rejects Riela's statute of limitations challenge to the government's RICO claims for the reasons set forth in the court's March 24 order at 92.[4]

*Venue*

Riela argues that the action should be dismissed because venue is not proper under either 18 U.S.C. § 1965(a) or 28 U.S.C. § 1391(b). The government argues that venue for an action against Riela is proper in any district since Riela is an alien, *see* 28 U.S.C. § 1391(d), and that 18 U.S.C. § 1965(b) makes venue for Riela proper in the Eastern District of New York because "the ends of justice require" that Riela be sued here. Only the second argument need be addressed.

Riela maintains § 1965(b) is solely a service of process/personal jurisdiction provision. Although the House and Senate Reports on RICO characterize § 1965(b) as a nationwide service of process provision, *see,* H.R.Rep. No. 91-1549 *reprinted in* [1970] U.S.Code Cong. & Admin.News 4007, 4034; *see also Butcher's Union Local No. 498 v. SDC Investment, Inc.,* 788 F.2d 535, 538-39 (9th Cir.1986); *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 671-72 (7th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1472, 99 L.Ed.2d 700 (1988), those sources do not state that § 1965(b) is only a service of process/personal jurisdiction provision and not a venue provision. *Lisak* assumes the provision provides for both service of process and venue. Other courts considering § 1965(b) describe it as a venue provision in cases when venue would not otherwise be proper for a particular defendant but is proper for other parties in the case. *See, e.g., Goldwater v. Alston & Bird,* 664 F.Supp. 403, 408 (S.D. Ill.1986); *Rolls-Royce Motors, Inc. v. Charles Schmitt & Co.,* 657 F.Supp. 1040,

1055-56 n. 10 (S.D.N.Y.1987); *Miller Brewing Co. v. Landau,* 616 F.Supp. 1285, 1290-91 (E.D.Wisc.1985); *Soltex Polymer Corp. v. Fortex Industries, Inc.,* 590 F.Supp. 1453, 1459 & n. 2 (E.D.N.Y.1984); *Farmers Bank v. Bell Mortgage Corp.,* 452 F.Supp. 1278, 1280 n. 2, 1281 n. 4, 1282 n. 8 (D.Del.1978).

■ When, as here, venue is apparently proper as to all defendants except Riela and Bonanno, and Riela, as a New Jersey resident, would not be overly inconvenienced by trying the case in New York, venue as to Riela is proper under § 1965(b) because the ends of justice require he be made a party.

*Ex Post Facto Laws*

■ Riela argues that the government's § 1962(a) & (d) claims violate the prohibition against *ex post facto* laws because they are based on conduct, Riela's allegedly joining the Bonanno Family and acquiring the hotels, which occurred before 1970 when RICO became effective. Although the complaint alleges that Riela joined the Bonanno Family in the 1940's (¶ 131(j)), the acts of racketeering which the complaint alleges Riela committed (¶¶ 23, 46, 47, and 52) all occurred after 1970. The complaint's § 1962(a) divestiture claims all allege continuing investment. The court therefore finds Riela's *ex post facto* argument unpersuasive.

*§ 1962(a) Claims*

■ Riela maintains that the complaint does not allege predicate acts from which Riela derived income to invest in the enterprises which are the subject of the § 1962(a) claims. The § 1962(a) claims are, however, based on a pattern of racketeering encompassing extortion and ongoing gambling operations, both of which could provide proceeds for investment. The complaint also sufficiently alleges that Riela was a "principal" in those activities as required by § 1962(a). Moreover, even as an aider and abettor, under 18 U.S.C. § 2, Riela would be treated as a principal.

---

**4.** In any event, the predicate act alleged in paragraph 23 is alleged to be a continuing offense.

### The Conspiracy Claim

Riela argues that the government's conspiracy claim (complaint ¶ 131(j)) is absurd because it alleges Riela agreed in the 1940's to commit acts in the 1970's. The paragraph, however, alleges Riela joined the Bonanno Family in the 1940's and thereby agreed to engage in illegal activities but that Riela specifically agreed to commit the acts set forth in paragraphs 23, 46, 47, and 52. The relevant agreement is thus Riela's agreement to commit the predicate acts in the late 1970's and currently.

### Due Process

■ Riela argues that his age, ill-health, and mental condition, combined with the government's delay in bringing this action, make the prosecution of this action a denial of his due process rights. First, this argument, which is based on facts set forth in counsel's affidavit, is not appropriately brought as a motion under Rule 12(b)(6), Fed.R.Civ.P. Second, this argument does not provide Riela much comfort in a civil action. The authorities cited by Riela all involve criminal cases. *E.g., United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Birney,* 686 F.2d 102 (2d Cir.1982). In a civil case, as the government points out, the defendant need not even be present during the proceedings and, if appropriate, the court may appoint a *guardian ad litem* to represent an incompetent party. Rule 17(c), Fed.R.Civ.P. A party should not be able to escape potential civil liability because he has become incompetent.[5]

Riela's motion to dismiss is denied.[6]

### JOSEPH MASSINO

Massino moves for dismissal of the second, fourth, and seventeenth claims, for dismissal of the first, fifteenth, and sixteenth claims to the extent they seek damages, and for the striking of aiding and abetting allegations relating to Massino and paragraph 32 (racketeering act # 10). Massino argues that the RICO monetary damage claims must be dismissed in keeping with the court's March 24 order, that the Federal Claims Act monetary damage claim fails to comply with Rule 9(b), Fed.R. Civ.P., and is barred by the statute of limitations and *res judicata,* that the aiding and abetting allegations and paragraph 32 do not give adequate notice under Rule 8, Fed.R.Civ.P., and that the § 1962(b) claim set forth as the government's fourth claim fails to allege a connection between a pattern of racketeering engaged in by Massino and his acquisition of an interest in Big Apple.

### The RICO Monetary Damage Claims

Massino moves to dismiss the RICO monetary damage claims, which have been reasserted despite the court's March 24 order dismissing them with prejudice. The government maintains that the RICO damage claims have been included in the current complaint solely to preserve them for appeal. The logical rule should be that filing an amended complaint omitting claims that the court has dismissed on substantive grounds does not waive the plaintiff's right to appeal the court's dismissal of those claims. 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[8] at 15–97 (2d ed. 1987); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476 at 393–94 (1971). Although at least one circuit has applied this rule, *Wilson v. First Houston Investment Corp.,* 566 F.2d 1235, 1237–38 (5th Cir.1978), *vacated on other grounds,* 444 U.S. 959, 100 S.Ct. 442, 62 L.Ed.2d 371 (1979), the United States Court of Appeals for the Ninth Circuit adheres to the opposite rule and deems the failure to reallege the dismissed claims a waiver. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987);

---

5. Riela's condition may, however, provide grounds for a protective order in discovery.

6. Riela's notice of motion also requests suppression of evidence unlawfully derived from grand jury materials, electronic surveillance, and searches and seizures or a hearing to determine the admissibility of such evidence. There is, however, no other reference to this request in Riela's papers; the unexplained request is therefore denied, with leave to renew at a later date.

*London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir.1981); *Sacramento Coca-Cola Bottling Co. v. Chauffeurs, Teamsters & Helpers Local No. 150,* 440 F.2d 1096, 1098 (9th Cir.), *cert. denied,* 404 U.S. 826, 92 S.Ct. 57, 30 L.Ed.2d 54 (1971). *See Kamakazi Music Corp. v. Robbins Music Corp.,* 534 F.Supp. 69, 79 (S.D.N.Y.1982) (recognizing the split in authority).

Although the Ninth Circuit rule is questionable, the government was apparently being cautious in realleging the monetary damage claims upon which no final judgment had been entered pursuant to a certification under Rule 54(b), Fed.R.Civ.P. The government has also continued to name the Bonanno Family in the complaint as a defendant even though the action has been dismissed with prejudice against the Bonanno Family. The court finds that there is no just reason for delay in entering judgment on the government's RICO claims for monetary damages as well as on all claims against the Bonanno Organized Crime Family and Joseph Bonanno. The Clerk of the Court is directed to enter judgment dismissing those claims under Rule 54(b), Fed.R.Civ.P.

*Racketeering Act # 10*

■ Massino argues that racketeering act # 10 (paragraph 32) should be stricken because it fails to give adequate notice of the nature of the predicate offense, trafficking in contraband cigarettes, under Rule 8, Fed.R.Civ.P. The court granted Massino's motion for a more definite statement as to the allegations of this predicate act in an earlier complaint. (See March 24 order at 30, description of paragraph 28.) The new paragraph cures the defects described in the court's March 24 order and, although the exact dates, times, methods, and participants of the trafficking are not stated, the paragraph does allege that the transportation took place approximately once a week from 1973 to 1976 between Washington, D.C., and New York and New Jersey. As stated in the March 24 order at n. 11, the specificity requirements of Rule 9(b) are not applicable to this predicate act. Massino is on adequate notice as to the nature of the conduct alleged and had the opportunity to obtain further information in discovery. Massino's motion to strike this paragraph is denied.

*Fourth Claim*

■ Massino moves to dismiss the fourth claim for relief, which alleges that Massino and others have unlawfully acquired and maintained an interest in or control of Big Apple through a pattern of racketeering in violation of § 1962(b). The fourth claim seeks divestiture. The government cites paragraphs 37, 40, 41, and 50 for the pattern of racketeering upon which the government relies in this claim. Of these paragraphs, only paragraph 50 alleges activities directly affecting the affairs of Big Apple (the extortion of Big Apple drivers) and that paragraph does not name Massino. Massino is named as an aider and abettor in the other paragraphs but in those paragraphs Big Apple is merely listed as one of the locations for certain extortionate credit transactions which do not otherwise appear related to Big Apple. The government has therefore failed to allege a pattern of racketeering or collection of unlawful debt through which Massino acquired or maintained an interest in or control of Big Apple and has failed to state a violation of § 1962(b).

The fourth claim for relief is dismissed as against Massino with prejudice.

*Aiding and Abetting*

■ Massino moves to strike the aiding and abetting allegations now asserted against Massino in many of the predicate acts in an attempt to remedy the defect discussed in the March 24 order at 25–27. Typical of this aiding and abetting allegation is the following language:

> The conducting, financing, supervision and direction of said business of lending money and illegal activities was aided and abetted by defendants Philip Rastelli and Joseph Massino, who knew of the commission of the actions alleged herein and intentionally and knowingly aided, abetted, counseled, commanded, induced, solicited, requested and importuned the operation of said business and the commission of the actions alleged herein by

using their positions and strength in the Bonanno Family to permit, control, protect and share in the profits of the money lending.

(complaint ¶ 39). This general language, with slight variations, appears in several of the paragraphs of the complaint including 27, 29, 30, 31, 37, 38, 39, 40, 41, 46, 47, and 49. Massino argues this repetitious boiler plate language does not alert Massino to what he is actually supposed to have done to aid and abet the acts of racketeering beyond being a member of the Bonanno Family. While there is appeal to Massino's argument, the current complaint at least alerts the defendants as to which defendants are alleged to have abetted which acts. The allegations need not be specific enough to comply with Rule 9(b), Fed.R.Civ.P., and they adequately provide notice to Massino under Rule 8. *See Laterza v. American Broadcasting Co.*, 581 F.Supp. 408, 412 (S.D.N.Y.1984) (emphasizing that aiding and abetting defendants must be linked to two or more particular predicate acts instead of being alleged to have been aware of general criminal activity). The motion to strike the aiding and abetting allegations is denied.

### The False Claims Act Claim

Massino raises three challenges to the seventeenth claim, the government's claim for money damages under the False Claims Act, 31 U.S.C. § 3729. He argues that the allegations against him do not satisfy Rule 9(b), Fed.R.Civ.P., that the claim is barred by the statute of limitations, and that the claim is barred by principles of *res judicata* because the government waived any right to the relief it seeks by not seeking forfeiture from Massino in the criminal action of *United States v. Rastelli*, 653 F.Supp. 1034 (E.D.N.Y.1986).

The seventeenth claim alleges that from September 1, 1978, to July 31, 1982, Massi-

no and other defendants "conspired to obtain, through false and fraudulent representations, as alleged in Racketeering Acts 63–82 of Exhibit H herein, moving contracts offered and awarded by agencies of the United States." Exhibit H is the *Rastelli* indictment. Racketeering Acts 63–83 in that indictment (there is no # 82) encompass labor payoffs, bid rigging extortion, and the payment of kickbacks, none of which specify the submission of false claims to the government. Massino is only mentioned in connection with the labor payoff allegations of Racketeering Acts 69–71.

■ The seventeenth claim also alleges that Massino and others conspired to cause moving companies "to file false certifications of independent price determination and other false price information and disclosure statements in connection with" bids for government moving contracts. Paragraphs 148–50 then allege that the defendants thus made, presented, or caused to be made or presented false claims and conspired to make or get paid false claims in violation of § 3729. Nowhere does the seventeenth claim (or the cited racketeering acts of the *Rastelli* indictment) specify what the "claims" were, how they were false, or what Massino's role was in the conspiracy or the presentation of the false "claims." Paragraph 42, the labor racketeering predicates, and paragraphs 64–75, the government's RICO claim for damages based on the moving contracts, do nothing to clarify the allegations under the False Claims Act. The seventeenth claim is therefore dismissed as against Massino for failure to allege fraud with particularity under Rule 9(b), Fed.R.Civ.P.[7] The government is granted twenty days to replead its False Claims Act claim.[8]

Massino's motion to dismiss the fourth and seventeenth claims is therefore granted, and the rest of his motion is denied. Riela's motion to dismiss is denied. Bonan-

---

**7.** In view of the dismissal of the False Claims Act claim on Rule 9(b) grounds, the statute of limitations and *res judicata* arguments need not be addressed.

**8.** Although the court questioned, during oral argument, whether rigged bids could constitute "claims" under the False Claims Act, subsequent

briefing by the government has convinced the court that bid rigging, if properly pleaded, can provide the basis for an action under the False Claims Act. *See United States ex rel. Marcus v. Hess*, 317 U.S. 537, 543–44, 63 S.Ct. 379, 383–84, 87 L.Ed. 443 (1943).

no's motion to dismiss is granted. Decision on Sabella's motion is reserved.

The government is given twenty days to replead only the seventeenth claim for relief. The fourth claim for relief is dismissed as against Massino with prejudice.

The Clerk of the Court is directed to enter judgment under Rule 54(b), Fed.R. Civ.P., dismissing all claims against the Bonanno Organized Crime Family and Joseph Bonanno and dismissing all monetary damage claims based on RICO.

SO ORDERED.