**M.F. FLETCHER & ASSOCIATES, INC., Plaintiff,**

v.

**John C. CARAMANICA, Jr., et al., Defendants.**

**No. 88–1249–CIV–T–17(A).**

United States District Court, M.D. Florida, Tampa Division.

March 17, 1989.

R. Patrick Mirk, R. Patrick Mirk, P.A., Tampa, Fla., for plaintiff.

Neil Weinstein, Tampa, Fla., for defendants.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to transfer cause to proper venue and motion to dismiss, filed September 8, 1988, and response thereto, filed September 22, 1988.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

A complaint in this cause of action was filed August 18, 1988, against John C. Caramanica, Jr.; James M. Caramanica; and Spectrum Insurance Analysis, Inc. The complaint alleges that Defendants "entered into an illegal scheme of actifice (sic) to acquire from Fletcher [Plaintiff] an enterprise known as Risk Evaluation Services of New England." The complaint contained the following counts: 1) violation to Federal Racketeer Influenced and Corrupt Organizations Act (RICO); 2) violation of the Florida Anti–Fencing Act, Section 812.014, Fla.Stat. (1987); 3) violation of Chapter 772, Fla.Stat.; 4) breach of fiduciary duty; and 5) intentional interference with an advantageous business relationship.

MOTION TO TRANSFER

Defendants assert that the appropriate venue in this cause in the United District Court for the District of Massachusetts. Jurisdiction in this cause is not based on diversity. Plaintiff's complaint alleges that venue is appropriate, as to all Defendants, because: 1) the claim arose in the Middle District of Florida where a substantial portion of the acts, events, and omissions occurred; or 2) each Defendant has an agent or transacts his affairs in the Middle District of Florida, pursuant to 18 U.S.C. § 1965(a); or 3) the Court is permitted to require James M. Caramanica to be brought before it if it is shown that the ends of justice are best met thereby, pursuant to 18 U.S.C. § 1965(b).

A civil action not based on diversity may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law. 28 U.S.C. § 1391(b). In this case it is admitted that Defendant James M.

Caramanica is a resident of Massachusetts. Pursuant to section 1391, venue is appropriate in this Court if the claim arose here:

[The] practical orientation of Section 1391(b), then, counsels against adherence to mechanical standards in its application. Rather, where "the claim arose" should in our view be ascertained by advertence to events having operative significance in the case, and a common-sense appraisal of the implications of those events for accessibility to witnesses and records. And, though a proliferation of permissible forums is staunchly to be avoided, it is evident that the often unfruitful pursuit of a single locality as the one and only district in which the claim arose is not needed to ensure the efficient conduct of the litigation. Not surprisingly, then, courts in some number have construed Section 1391(b) as conferring venue in a district where a substantial portion of the acts or omissions giving rise to the actions occurred, notwithstanding that venue might also lie in other districts. (footnotes omitted)

*Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir.1978).

■ In determining venue pursuant to Section 1391, one test utilized is the "weight of the contacts" test pursuant to *Farmers Bank of the State of Delaware v. Bell Mortgage Corp.*, 452 F.Supp. 1278 (D.Del.1978). The test elements are convenience of the parties, convenience of the witnesses, interests of justice, access to sources of proof, availability of process to compel attendance, costs of obtaining willing witnesses, where will the action be tried more expeditiously and inexpensively, and other similar factors. *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967). This test may well indicate the suitability of several forums. *Lamont*, 590 F.2d at 1134, fn. 64. The movant has the burden to make a "clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there." *Id.*, at 263.

■ This cause of action is based on allegations that brothers John C. and

James M. Caramanica, John from Florida and James from Massachusetts, schemed to acquire Plaintiff's office in Massachusetts. Defendant's purportedly converted tangible and intangible assets and services of the Massachusetts' office; including, but not limited to, utility service, office rental, trade secrets, customer lists, telephone listings, and pending contracts for the performance of insurance risk evaluation services.

Allegedly Defendant John Caramanica held out to be in negotiations with the Plaintiff to purchase majority stock. In furtherance of the scheme, James Caramanica, the manager of the Massachusetts office, would request payment from his brother, who handled the billing and invoice computing in the Tampa, office, for sub-contractor inspections. Normally, the inspections would have been sent to the Tampa office for typing and distributing to the client. However, in furtherance of the scheme, in the relevant time period, Defendants would have the inspection prepared by a typist outside Plaintiff's office and the customer would be billed by Defendant Spectrum Insurance Analysis, Inc. (Spectrum). Additionally, the complaint asserts that James Caramanica submitted to his brother requests for payment where no inspection had been done.

The complaint also alleges that John Caramanica disabled the billing and invoicing computer program in Florida to prevent Plaintiff to fully investigate the suspected conduct and that both individual Defendants attempted to lure employees from the Florida office and the Massachusetts office away from Plaintiff and to go to work for Spectrum. In furtherance of their fraudulent scheme, Defendants allegedly mailed various documents through the United States mail, including invoices for completed work to Florida for payment, and utilized interstate telephone systems. Plaintiff asserts that the records relevant, except perhaps those of James Caramanica, are in Florida, that the only witness definitely known to reside in Massachusetts is James Caramanica, the remaining witnesses are in Florida or other states. Defendant does not specifically address the issues of "weight of contacts" test.

The Court has reviewed the complaint, as well as the motion and response, and concludes that the Middle District of Florida is an appropriate venue pursuant to 28 U.S.C. § 1391(b). The Court finds that the district is where a substantial portion of the acts or omissions giving rise to the claims arose, and, additionally, that pursuant to the "weight of contacts" test this district is appropriate. Having found venue appropriate pursuant to Section 1391, the Court is not required to determine whether or not 18 U.S.C. § 1965 also confers venue on this district. The motion to transfer venue should be denied.

MOTION TO DISMISS

Defendants contend that the complaint fails to state a claim, in that it fails to plead with the specificity required by Rule 9(b), Fed.R.Civ.P. The Court has reviewed the complaint and is satisfied that is pled with the requisite particularity of Rule 9(b). The Court adopts by reference that portion of Plaintiff's memorandum of law in opposition to the motion to dismiss (pages 13 to 16). Accordingly, it is

ORDERED that the motions to transfer venue and to dismiss be denied. Defendants shall have ten (10) days from the date of this order in which to file an answer to the complaint.

DONE and ORDERED.